IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELIEZER CRUZ APONTE and MAGDALENA CARABALLO, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS<br><br>vs.<br><br>CARIBBEAN PETROLEUM CORPORATION and MAPFRE INSURANCE COMPANY<br><br>DEFENDANTS | Civil No.<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

**CLASS ACTION COMPLAINT**

Plaintiffs, Eliezer Cruz Aponte and Magdalena Caraballo ("Plaintiffs"), individually and as representatives of the class defined herein, bring this action against the Defendants identified below (collectively "Defendants"), and aver as follows:

**INTRODUCTION**

1.

This is a class action, brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, to recover damages suffered by Plaintiffs and the Class Members as a result of the explosion of approximately thirty fuel storage tanks that occurred on October 23, 2009, at about 12:30 a.m. at the Caribbean Petroleum Company, Inc. ("CPC") located

near the San Juan, Puerto Rico suburbs of Bayamón, Cataño and Toa Baja causing a cloud of thick dark smoke and hazardous substances to cover large parts of the city and adjacent municipalities, including the homes of Plaintiffs and the class members, and causing injuries to them.

**PARTIES**

2.

Plaintiff, Eliezer Cruz Aponte, is a citizen of Puerto Rico, who resides within this district at Urbanización Las Vegas, Avenida Flor del Valle B-116, Cataño, Puerto Rico. As a result of the explosion, Plaintiff inhaled toxic fumes, was intoxicated and had to evacuate his home wearing a gas mask right after the first blasts occurred at CPC. His home suffered severe damages as a result of the explosions. He cannot return to his home.

3.

Plaintiff, Magdalena Caraballo, is a citizen of Puerto Rico, who resides within this district at Urbanización Las Vegas, Avenida Flor del Valle B-116, Cataño, Puerto Rico. As a result of the explosion, Plaintiff fell off her bed when the explosions occurred and hurt her back. She had to evacuate her home due to the toxic gases in the air. She cannot return to her home.

4.

Made Defendants herein (collectively "Defendants") are:

    a.    Caribbean Petroleum Corporation ("CPC"), a Delaware corporation doing

business in this district, with its domestic principal place of business located at Carretera Estatal No.28, kilómetro 2.2, Reparto Industrial Luchetti, Bayamón, Puerto Rico 00961.

b.  MAPFRE Insurance Company ("MAPFRE"), a domestic insurer with its principal place of business at Urbanización Tres Monjitas Industrial, 297 Avenida Carlos Chardón, San Juan, Puerto Rico 00918. At the time of the explosion MAPFRE provided insurance coverage to CPC for the incident that forms the basis of this suit and is directly liable to Plaintiffs and the Class Members for their damages.

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, because the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and it is a class action brought by the citizens of a State (Commonwealth) that is different from the State where at least one of the Defendants is incorporated or does business.

6.

Prosecution of this action in this district is proper under 28 U.S.C. § 1391(a)(2) because all the events or omissions giving rise to the claims asserted herein occurred in this district.

## FACTUAL ALLEGATIONS

7.

On October 23, 2009, at approximately 12:30 a.m., an explosion occurred at the CPC, causing approximately thirty (30) fuel storage tanks containing gasoline, diesel and petroleum to exploded causing an enormous fire, thereby releasing toxic gases. The blast registered 2.8 in the Richter scale and was felt in Culebra, Vieques, and even the Virgin Islands. The fire has caused an enormous smoke plume full of hazardous contaminants to which thousands of residents have been exposed. The blast also caused severe property damage to the residents and the fire continuous to cause serious bodily harm to the residents of the above mentioned municipalities.

The fire is expected to cause more tanks with volatile fuels, such as airplane fuel to explode due to the gross negligence of CPC. The fire is expected to run for at least three to four days and the hazardous smoke and fire will spread to encompass a larger area of Puerto Rico causing severe physical and emotional damages to thousands of residents.

8.

At the time the explosions occurred CPC operated the facility.

9.

The Gulf Oil Facility was at all times under the control of CPC.

10.

As a result of the explosion, toxic gases from the burning of fuel and other chemicals and substances stored in approximately thirty storage tanks were released into

the atmosphere.

11.

As a result of the explosion, the toxic gases have caused serious and dangerous environmental contamination.

12.

The released toxic gases caused Plaintiffs and the class members to be evacuated from their homes.

13.

As a result of the prevailing winds, toxic gases from the burned fuel have spread from the site of the explosion to several areas of San Juan and adjacent municipalities, including, without limitation, Catano. Levitown, Toabaja and Bayamon, and Plaintiffs and the Class Members have been exposed thereto.

14.

As a result of the explosion homes in those areas shook with great force causing damage to the property of Plaintiffs' and class members.

15.

Due to the explosion plaintiff Magdalena Caraballo fell from her bed and suffered injuries to her back.

16.

Because of the explosion Plaintiffs and the class members have suffered fear, stress and anxiety.

17.

There are many other potential effects from the explosion that have not yet become known, and Plaintiffs reserve the right to amend this Complaint once additional information becomes available.

## CLASS DEFINITION

18.

Plaintiffs bring this action on behalf of themselves and all others similarly situated, who are members of the following Class:

> All residents and inhabitants of San Juan, Puerto Rico and adjacent municipalities, including Cataño, Levittown, Toa Baja and Bayamón, who have suffered any damages and/or losses from the explosion of the Gulf Oil Facility on October 23, 2009.

19.

Excluded from the Class are:

a. the officers and directors of any of the Defendants;

b. any judge or judicial officer assigned to this matter and his or her immediate family; and

c. any legal representative, successor, or assign of any excluded persons or entities.

## CLASS ACTION ALLEGATIONS

20.

**a. Numerosity of the class**

The proposed Class is so numerous that joinder is impractical. The disposition of the claims asserted herein through this class action will be more efficient and will benefit

the parties and the Court.

**b.   Predominance of Common Questions of Fact and Law**

21.

There is a well-defined community of interest in that the questions of law and fact common to the Class predominate over questions affecting only individual Class Members and include, but are not limited to, the following:

- a.   Whether Defendants caused and/or contributed to the explosion and release of toxic gases;
- b.   Whether Defendants' actions were negligent;
- c.   Whether the explosion and release of gases have caused environmental or other damage; and
- d.   The amount of damages Plaintiffs and the Class Members should receive in compensation.

**c.   Typicality**

22.

Plaintiffs and the Class Members have suffered similar harm as a result of Defendants' actions.

**d.   Adequacy of Representation**

23.

Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class because their interests do not conflict with the interests of the Class Members they seek to represent. Plaintiffs have no claims antagonistic to those of the

Class. Plaintiffs have retained counsel competent and experienced in complex class actions and maritime and environmental litigation.

 **e.**   **Superiority**

24.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to this Court in which individual litigation of thousands of cases would proceed. Individual litigation presents a potential for inconsistent or contradictory judgments, and the prospect of a race for the courthouse and an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the court system in resolving the legal and factual issues common to all claims related to the Defendants' conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

25.

The various claims asserted in the action are also certifiable under the provisions of Rules 23(b)(1) and/or 23(b)(2) of the Federal Rules of Civil Procedure because:

 a.   The prosecution of separate actions by thousands of individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, thus establishing incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual Class Members would also create the risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members who are not parties to such adjudications and would substantially impair or impede their ability to protect their interests; and

c. Defendants have acted or refused to act on grounds generally applicable to the entire Class, thereby making appropriate final declaratory and injunctive relief with respect to the Class as a whole appropriate.

## **FIRST CAUSE OF ACTION (NEGLIGENCE)**

26.

Plaintiffs, on behalf of themselves and the Class Members, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if copied herein.

27.

Upon information and belief, Plaintiffs aver that the explosion and resultant toxic release was caused by the negligence and fault of the CPC in the following non-exclusive particulars:

a. Failing to properly operate the Gulf Oil Facility so as to prevent the explosion and failing to prevent actions that either caused or contributed to the explosion;

b. Operating the Gulf Oil Facility in such a manner that allowed actions that caused the explosion, including failing to provide adequate security ;

c. Failing to properly inspect the Gulf facility to assure that the tanks, equipment and personnel were fit for their intended purpose;

d. Acting in a careless and negligent manner without due regard for the safety of others;

e. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Gulf Oil Facility at the time of the explosion which, if they had been so promulgated, implemented and enforced, would have averted said explosion;

f. Operating the Gulf Oil Facility with untrained and unlicensed personnel;

g. Inadequate and negligent training and hiring;

h. Failing to take appropriate action to avoid or mitigate the explosion;

i. Negligent implementation of policies and procedures to safely store the fuel and failing to follow regulations for fuel storage;

j. Employing untrained or poorly trained employees and failing to properly train their employees;

k. Failing to ascertain that the tanks and equipment were free from defects and/or in proper working order;

l. Failure to timely warn;

m. Failure to timely bring the release under control;

n. Failure to provide appropriate accident prevent equipment;

o. Failure to observe and read gauges;

p. Failure to react to danger signs; and

q. Such other acts of negligence and omissions as will be shown at the trial of this matter. All of which acts are in violation of the laws of Puerto Rico and the United States of America.

28.

In addition, and in the alternative, the explosion and resultant toxic release was caused by defective equipment which was in the care, custody, and control of Defendants and over which the Defendants had *garde*. Defendants knew or should have known of these defects and Defendants are, therefore, liable for them.

**SECOND CAUSE OF ACTION (TRESPASS)**

29.

Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

30.

Defendants' negligent acts and omissions have resulted and continue to result in the direct and physical invasion of Plaintiffs' and Class Members' properties by toxic and/or harmful substances contaminating their persons, properties and the surrounding surface and subsurface areas.

31.

As a direct and proximate result of the acts and omissions of Defendant, Plaintiffs and Class Members have suffered losses in the form of, but not limited to, personal injury, emotional distress, loss of income, the creation of conditions that harmful to human health and the environment, and loss of the beneficial use, enjoyment, and exclusive possession of their property.

## **THIRD CAUSE OF ACTION(NUISANCE)**

32.

Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

33.

Defendants' acts and omissions with respect to the release of toxic an/or harmful substance have caused and continue to cause a material, substantial, and unreasonable interference with Plaintiffs' and other Class Members' use and enjoyment of their properties and has materially diminished and continues to diminish the value of such properties.

34.

Defendants' material, substantial, and unreasonable interference with the use and enjoyment of Plaintiffs' and other Class Members' properties and continuing material, substantial and unreasonable interference with such use and enjoyment constitutes a continuing private nuisance.

35.

Defendants' creation and continuing creation of private nuisance proximately caused and continues to proximately cause damage to Plaintiffs and other Class Members in the form of personal injury, emotional distress, and property damage of a type special and common to members of the class.

36.

As a direct and proximate result of the acts and omissions of Defendant, Plaintiffs and Class Members have suffered losses in the form of, but not limited to, personal injury,

emotional distress, loss of income the creation of conditions that are harmful to human health and the environment, and loss of the beneficial use, enjoyment, and exclusive possession of their property.

## **FOURTH CAUSE OF ACTION (DAMAGE)**

37.

Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

38.

The injuries to Plaintiffs and the Class Members were also caused by or aggravated by the fact that Defendants failed to properly respond to the release and take necessary actions to mitigate the danger to the surrounding community and/or to timely and adequately warn of the release.

39.

In addition to the negligent actions described above, and in the alternative thereto, the injuries and damages suffered by Plaintiffs and the Class Members were caused by the acts and/or omissions of the Defendants that are beyond proof by the Plaintiffs and the Class Members, but which were within the knowledge and control of the Defendants, there being no other possible conclusion than that the explosion and toxic release resulted from the negligence of Defendants. Furthermore, the explosion and the resultant toxic release would not have occurred had the Defendants exercised the high degree of care imposed on them and Plaintiffs, therefore, plead the doctrine of *res ipsa loquitur.*

40.

As a result of the exposure to the toxic gases from the toxic release caused by the Defendants, Plaintiffs and the Class Members suffered serious injuries. Plaintiffs and the Class Members further fear that, as a result of their exposure, they will suffer continuing adverse health consequences and/or disabling diseases in the future and pray for medical monitoring ordered by the Court.

41.

All of the above considerations have caused considerable fear, anguish, discomfort, and inconvenience to Plaintiffs and the Class Members, as well as pain and suffering, mental anguish, emotional distress, and psychiatric and psychological damages.

42.

Plaintiffs and the Class Members are entitled to a judgment finding Defendants liable to Plaintiffs and the Class Members for damages suffered as a result of Defendants' negligence and awarding Plaintiffs and the Class Members adequate compensation therefor in amounts determined by the trier of fact.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class Members demand judgment against Defendants, jointly, severally and *in solido*, as follows:

a. An order certifying the Class for the purpose of going forward with any one or all of the causes of action alleged herein; appointing Plaintiffs as Class Representatives; and appointing undersigned counsel as counsel for the Class;

b. Economic and compensatory damages in amounts to be determined at

trial, but not less than the $5,000,000.00 required by the Class Action Fairness Act which establishes this Court's jurisdiction to hear this case;

c. Punitive damages;

d. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

e. Attorney's fees and costs of litigation;

f. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate, including medical monitoring pursuant to Court order; and

g. A trial by jury as to all Defendants.

Respectfully submitted,

*s/ John F. Nevares*
JOHN F. NEVARES
USDC-PR 130502
John F. Nevares & Associates, PSC
P.O. Box 13667
San Juan, Puerto Rico 00908-3667
Telephone: (787) 722-9333
Facsimile: (787) 721-8820
Email: jfnevares@nevareslaw.com

CAMILO K. SALAS, III (#11657)
Salas & Co., L.C.
650 Poydras Street, Suite 1660
New Orleans, LA 70130
Telephone: 504-799-3080
Facsimile: 504-799-3085
E-mail: csalas@salaslaw.com
Daniel E. Becnel, Jr. (#2926)

Law Offices of Daniel E. Becnel, Jr.
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Telephone: 985-536-1186
Facsimile: 985-536-1186
E-mail: dbecnel@becnellaw.com

`