| | |
|---|---|
| **IN THE MATTER OF:** | Civil No. 10-1337 (FAB) |
| CAPE BRUNY TANKSCHIFFARTS GMBH AND CO. KG; AND CAPE BRUNY SHIPPING COMPANY LTD. FOR EXONERATION FROM OR LIMITATION OF LIABILITY AS OWNER AND BAREBOAT CHARTERER OF THE M/T "CAPE BRUNY" | Consolidated w/ 09-2092(FAB)  IN ADMIRALTY |
| Plaintiffs-Petitioners | |

## ANSWER TO PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

**TO THE HONORABLE COURT:**

NOW COMES the **COMMONWEALTH OF PUERTO RICO, <u>specially appearing and without submitting to the jurisdiction of this Honorable Court and/or surrendering their affirmative defenses, including sovereign immunity under the Eleventh Amendment, pending resolution of jurisdictional issues</u>,** and pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions F(5), hereinafter referred to as **"the COMMONWEALTH"** or **"the claimant-respondent"**, through the undersigned attorney, and respectfully STATES and PRAYS its answer to the petition of Cape Bruny Tankschiffarts GmbH and Co. KG and Cape Bruny Shipping Company Ltd., hereinafter collectively referred to

as **"CAPE BRUNY"** or **"Plaintiffs-Petitioners"**, for exoneration from or limitation of liability, with respect represents:

## I. JURISDICTION

1. The allegations on paragraph one (1) of the *Complaint* are denied.

2. The allegations on paragraph two (2) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation. In the alternative, they are denied for lack of information or knowledge.

## II. PARTIES

3. The allegations on paragraph three (3) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation. In the alternative, they are denied for lack of information or knowledge.

4. The allegations on paragraph four (4) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation. In the alternative, they are denied for lack of information or knowledge.

## III. FACTS

5.   The allegations on paragraph five (5) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation.  In the alternative, they are denied for lack of information or knowledge.

6.   The allegations on paragraph six (6) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation.   In the alternative, they are denied as drafted.  It is affirmatively averred that the pleadings filed in several cases pending before this Honorable Court, as well as before the Courts of the Commonwealth of Puerto Rico, are self-explanatory.  Furthermore, the COMMONWEALTH avers that CAPE BRUNY is jointly and severally liable, with other defendants in those federal and state court cases, for: (1) the damages for injuries to, destruction of, or loss of natural resources; (2) the cost of restoration, replacement or acquisition of equivalent resources, plus compensation for the loss of use or enjoyment of the natural resources, as calculated in accordance with federal and state law; (3) protect the COMMONWEALTH's broad sovereign and public trust and *parens patriae* interests in the public's right to beneficial use of groundwater, air and other natural resources the stewardship of which is

entrusted to the COMMONWEALTH; (4) claims of common law and statutory public nuisance to remedy the alleged injury to the public's groundwater, air and other natural resources and to vindicate the COMMONWEALTH's interest in making these available for public use; (5) site investigation and other response costs incurred by the COMMONWEALTH; and (6) negligence action for money damages as reasonable compensation for the actual and unavoidable consequences of an injury-in-fact to the COMMONWEALTH's interests.

7. The allegations on paragraph seven (7) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation. In the alternative, they are denied for lack of information or knowledge.

8. The allegations on paragraph eight (8) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation. In the alternative, they are denied for lack of information or knowledge.

9. The allegations on paragraph nine (9) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation. In the alternative, they are denied for lack of information or knowledge.

10.   The  allegations  on  paragraph  ten  (10)  of  the *Complaint* are  admitted,  and  consequently  there  are  grounds to  pursue  actions  with  the  standing  conferred  by  the  *parens patriae* doctrine  and  the  duties  of  the  COMMONWEALTH  under the  public  policy  provisions  of  Section  19  of  Article  VI  of the  Puerto  Rico  Constitution.

11.   The  allegations  on  paragraph  eleven  (11)  of  the *Complaint* are  not  addressed  to  the  appearing  claimant-respondent,  thus,  they  do  not  require  a  responsive allegation.  In  the  alternative,  they  are  denied.

12.   The  allegations  on  paragraph  twelve  (12)  of  the *Complaint* are  not  addressed  to  the  appearing  claimant-respondent,  thus,  they  do  not  require  a  responsive allegation.  In  the  alternative,  they  are  denied.

13.   The  allegations  on  paragraph  thirteen  (13)  of  the *Complaint* are  not  addressed  to  the  appearing  claimant-respondent,  thus,  they  do  not  require  a  responsive allegation.  In  the  alternative,  they  are  denied.

14.   The  allegations  on  paragraph  fourteen  (14)  are denied  for  lack  of  information  or  knowledge.

15.   The  allegations  on  paragraph  fifteen  (15)  of  the *Complaint* are  not  addressed  to  the  appearing  claimant-respondent,  thus,  they  do  not  require  a  responsive

allegation.  In the alternative, they are denied for lack of information or knowledge.

16.  The allegations on paragraph sixteen (16) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation.  In the alternative, they are denied.

17.  The first sentence on paragraph seventeen (17) is admitted.  The remaining allegations on paragraph seventeen (17) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation.  In the alternative, they are denied for lack of information or knowledge.

18.  The allegations on paragraph eighteen (18) are denied.

19.  The allegations on paragraph nineteen (19) are denied.

20.  The allegations on paragraph twenty (20) are denied.  It is affirmatively averred that plaintiffs-petitioners, at least, had a legal duty of care under the circumstances.

21.  The allegations on paragraph twenty-one (21) are denied.

**IV.  CAUSE OF ACTION AND RELIEF SOUGHT**

22. The allegations on paragraph twenty-two (22) of the *Complaint* are denied as drafted. It is affirmatively averred that the pleadings filed in several cases pending before this Honorable Court, as well as before the Courts of the Commonwealth of Puerto Rico, are self-explanatory.

23. The allegations on paragraph twenty-three (23) of the *Complaint* are denied for lack of information or knowledge.

24. The allegations on paragraph twenty-four (24) of the *Complaint* are denied.

25. The allegations on paragraph twenty-five (25) of the *Complaint* are a mere invocation of the law, thus, they do not require a responsive allegation. In the alternative, they are denied.

26. The allegations on paragraph twenty-six (26) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation. In the alternative, they are denied for lack of information or knowledge.

27. The allegations on paragraph twenty-seven (27) of the *Complaint* are denied.

28. The allegations on paragraph twenty-eight (28) of the *Complaint* are denied for lack of information or knowledge.

29. The allegations on paragraph twenty-nine (29) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation. In the alternative, they are denied for lack of information or knowledge.

30. The allegations on paragraph thirty (30) of the *Complaint* are not addressed to the appearing claimant-respondent, thus, they do not require a responsive allegation. In the alternative, they are denied for lack of information or knowledge.

## V.    AFFIRMATIVE DEFENSES

The COMMONWEALTH has not had the opportunity to inspect important documents and the computer monitoring systems of the M/T CAPE BRUNY which are in the exclusive possession of the Plaintiffs-Petitioners in case no. 10-1337(FAB), in order to adequately assert its affirmative defenses and claims. But in order to preserve such defenses and claims within the deadline imposed by this Court, the COMMONWEALTH asserts the following defenses and submits its claims through a separate document.

31. This Honorable Court lacks admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

32. The Limitation of Liability Act, 46 U.S.C. §§ 30501-12, does not constitute an independent basis for federal subject matter jurisdiction.

33. There are multiple actions pending against Plaintiffs-Petitioners in case no. 10-1337(FAB) involving claims for alleged personal injury and/or property damage. Plaintiffs-Petitioners do not have a right to exoneration or limitation of liability in these cases because the vessel involved, the M/T CAPE BRUNY, is a tank vessel. *See* 46 U.S.C. § 30506.

34. The Limitation of Liability Act, 46 U.S.C. §§ 30501-12, does not apply to protection and indemnity clubs or to any insurance carriers, since the statutory right to limit its liability, when applicable, is personal to a vessel owner.

35. The explosion, subsequent fire and damages resulting to the claimant-respondent may have been caused or contributed to by the unseaworthiness of the M/T CAPE BRUNY and/or may have been caused by the negligence of the personnel aboard the M/T CAPE BRUNY as follows:

    a. The M/T CAPE BRUNY was not properly manned, equipped and supplied.

b.   Petitioners knew and were privy, or should
have known and been privy, of the unseaworthy
condition of the M/T CAPE BRUNY.

c.   The M/T CAPE BRUNY failed to take the
necessary action to avoid the events that led to
the explosion when by the exercise of due care,
this danger should have been apparent.

36.   In the alternative, Plaintiffs-Petitioners are
not the real parties in interest.

37.   Claimant-respondent further avers that the *ad
interim* stipulation attached M/T CAPE BRUNY to the petition
for exoneration from or limitation of liability is improper
in that the valuation of the M/T CAPE BRUNY is insufficient
and claimant-respondent reserves the right to contest the
appraisal of the M/T CAPE BRUNY.

38.   Claimant-respondent reserves its right to amend
these allegations, or to raise further arguments, based on
the information that may be obtained pursuant to the
discovery process.

**WHEREFORE**, claimant-respondent the COMMONWEALTH
respectfully prays, as follows:

I.   That Plaintiffs-Petitioners' right to exoneration
from or limitation of liability be denied and,
consequently, that all the legal proceedings pending before

federal and state courts of law of which Plaintiffs-Petitioners are parties to be allowed to continue;

II.  That the amount of $27,017,275.58, plus $1,000.00 in court costs, offered by Plaintiffs-Petitioners through the *Ad Interim Stipulation* and the Letter of Undertaking as security in the instant action be deposited with the Clerk of the Court, without prejudice of claimant-respondent contesting its adequacy and submitting a new appraisal of the value of the M/T CAPE BRUNY and her pending freight at the conclusion of her voyage, plus interests;

III. That, should the instant action be allowed to continue its progress, this Honorable Court finds the Plaintiffs-Petitioners liable for all the damages suffered by the claimant-respondent and that they not be allowed to limit their liability to the value of the M/T CAPE BRUNY and her pending freight; and,

IV.  That claimant-respondent be awarded any other remedies this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 18th day of June, 2010.

### CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the CM/ECF system which

will send notification of such filing to all counsel who have filed appearances in this case.

**GUILLERMO SOMOZA COLOMBANI**
Attorney General of Puerto Rico

**WANDYMAR BURGOS VARGAS**
Director of the Federal and
Bankruptcy Litigation Division

s/Angel E. Rotger Sabat
**ANGEL E. ROTGER SABAT**
USDC-PR No. 208601
Attorney for the COMMONWEALTH
**MAYMI, RIVERA & ROTGER, P.S.C.**
PO Box 11897
San Juan, Puerto Rico 00922
Tel: (787) 474-0070
Fax: (787) 474-0071
arotger@maymirivera.com