**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN THE MATTER OF:** <br><br> CAPE BRUNY TANKSCHIFFARTS GMBH AND CO. KG; AND CAPE BRUNY SHIPPING COMPANY LTD. FOR EXONERATION FROM OR LIMITATION OF LIABILITY AS OWNER AND BAREBOAT CHARTERER OF THE M/T "CAPE BRUNY" <br><br> Plaintiffs-Petitioners | Civil No. 10-1337 (FAB) <br><br> Consolidated w/ 09-2092(FAB) <br><br> IN ADMIRALTY |

**<u>CLAIM IN LIMITATION PROCEEDING</u>**

**TO THE HONORABLE COURT:**

NOW COMES the **COMMONWEALTH OF PUERTO RICO**, <u>**specially appearing and without submitting to the jurisdiction of this Honorable Court and/or surrendering their affirmative defenses, including sovereign immunity under the Eleventh Amendment, pending resolution of jurisdictional issues**</u>, and pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions F(5), hereinafter referred to as "**the COMMONWEALTH**" or "**the claimant-respondent**", through the undersigned attorney, and pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions F(5) makes claim for damages as follows:

1. On October 23, 2009, there occurred a fire and explosion at a storage tank farm facility located in Bayamón,

Puerto Rico that is owned and operated by Caribbean Petroleum Corporation ("CAPECO"). Since then, there have been several complaints filed in federal and state courts alleging injuries and damages arising out of this incident (hereinafter, the "**Explosion**"). Plaintiffs-Petitioners have been named, among others, as defendants in Civil Actions 09-2092(FAB), 09-2095(FAB), 09-2096(FAB), 09-2118(FAB), 09-2148(FAB), 09-2215(FAB), 10-1030(FAB) and 10-1207(FAB) (hereinafter, the "Consolidated Actions"), all of which have been consolidated with the instant action. The Plaintiffs in the Consolidated Actions allege that CAPECO, the Plaintiffs-Petitioners, and a number of other co-defendants, are jointly and severally liable for the injuries and damages suffered by them as a result of the Explosion.

2. On April 22, 2010, Plaintiffs-Petitioners initiated the captioned limitation action, case no. 10-1337(FAB). Thereafter, pursuant to Supplemental Rule F(3), the Court issued an order staying all claims in all cases against Plaintiffs-Petitioners until the hearing and determination of the proceedings in this action. See Docket No. 316 in Civil No. 09-2092(FAB). Pursuant to Supplemental Rule F(4), the Court issued an Order on May 10, 2010 directing all persons, firms, and corporations claiming to have suffered losses, damages, injuries, or expenses caused by or resulting from the Explosion

to bring any claims that they may have against the M/T Cape Bruny and/or CAPE BRUNY, by June 18, 2010.

3. Due to the injunction issued by this Court staying all claims in all cases against Plaintiffs-Petitioners, and the June 18, 2010 deadline for filing claims against them, the COMMONWEALTH hereby files the foregoing claim against the Plaintiffs-Petitioners in order to protect its rights under the federal and Commonwealth law, in full exercise of its *parens patriae* authority. This claim, however, is being made without prejudice to COMMONWEALTH's position that there is no basis for subject matter jurisdiction over this limitation proceeding or over the Consolidated Actions.

4. The COMMONWEALTH avers that Plaintiffs-Petitioners in case no. 10-1337(FAB) are jointly and severally liable, with other defendants in federal and state court cases, for: (1) the damages for injuries to, destruction of, or loss of natural resources; (2) the cost of restoration, replacement or acquisition of equivalent resources, plus compensation for the loss of use or enjoyment of the natural resources, as calculated in accordance with federal and state law; (3) protect the COMMONWEALTH's broad sovereign and public trust and *parens patriae* interests in the public's right to beneficial use of groundwater, air and other natural resources the stewardship of which is entrusted to the COMMONWEALTH, under the public policy

provisions of Section 19 of Article VI of the Puerto Rico Constitution; (4) claims of common law and statutory public nuisance to remedy the alleged injury to the public's groundwater, air and other natural resources and to vindicate the COMMONWEALTH's interest in making these available for public use; (5) site investigation and other response costs incurred by the COMMONWEALTH; and (6) negligence action for money damages as reasonable compensation for the actual and unavoidable consequences of an injury-in-fact to the COMMONWEALTH's interests.

5. Plaintiffs-Petitioners are, and were at all times material to this action, the owners and bareboat charters of the M/T Cape Bruny.

6. The Plaintiffs in the Consolidated Actions allege that the Explosion occurred while the M/T Cape Bruny was engaged in the discharge of fuel into storage tanks at the CAPECO storage tank farm facility. It is further alleged that the M/T Cape Bruny pumped too much fuel into the pipelines that connect the marine dock terminal to the storage tanks, causing the recipient tank to overflow without detection and leading to the Explosion. Issues of material fact having direct bearing on responsibility, and the issues of negligence as to the cause and/or origin of the Explosion are yet to be determined in the Consolidated Actions and/or the State Court Actions. The COMMONWEALTH,

4

however, was in no way negligent, was not at fault nor did it contribute in any way to the cause of the Explosion. To the extent that the Plaintiffs-Petitioners are found liable for the damages caused by the Explosion, they should also respond for any and all damages suffered by the COMMONWEALTH as a result thereof and that can be pursued under its *parens patriae* authority and its sovereign constitutional duty to protect and conserve the natural resources of the Island of Puerto Rico.

**WHEREFORE,** the COMMONWEALTH requests the following relief from this Honorable Court, provided that it determines that there is subject matter jurisdiction to hear Plaintiffs-Petitioners' Limitation Action:

(a) That the Court grants the COMMONWEALTH's claim in an amount of not less than FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), together with interest, for any and all damages suffered as a result of the Explosion, and consequently enter an order approving and allowing damages in full, together with all costs of these proceedings;

(b) That the Court grants such other and further relief as it may deem just and proper.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, this 18th day of June, 2010.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the CM/ECF system which will send notification of such filing to all counsel who have filed appearances in this case.

**GUILLERMO SOMOZA COLOMBANI**
Attorney General of Puerto Rico

**WANDYMAR BURGOS VARGAS**
Director of the Federal and Bankruptcy Litigation Division

s/Angel E. Rotger Sabat
**ANGEL E. ROTGER SABAT**
USDC-PR No. 208601
Attorney for the COMMONWEALTH
**MAYMI, RIVERA & ROTGER, P.S.C.**
PO Box 11897
San Juan, Puerto Rico 00922
Tel: (787) 474-0070
Fax: (787) 474-0071
arotger@maymirivera.com