**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN THE MATTER OF:<br><br>CAPE BRUNY TANKSCHIFFARTS GMBH AND CO. KG AND CAPE BRUNY SHIPPING COMPANY, LTD.<br>FOR EXONERATION FROM OR LIMITATION OF LIABILITY AS OWNER AND BAREBOAT CHARTERER OF THE M/T "CAPE BRUNY,"<br><br>       Plaintiffs-Petitioners. | CIVIL NO. 10-1337 (FAB)<br><br>Consolidated with Civil No. 09-2092 (FAB)<br><br>IN ADMIRALTY<br><br>**ORAL ARGUMENT REQUESTED** |

**MOTION BY INTERTEK USA, INC. FOR LEAVE TO FILE A CLAIM**
**IN CIVIL ACTION 10-1337, CONSOLIDATED WITH CIVIL ACTION 09-2092**

## PRELIMINARY STATEMENT

Intertek USA, Inc. ("Intertek") seeks leave to file a late answer and claim for indemnification and/or contribution in the above-captioned matter given that the monition date in this case has passed.  The Court permitted claims against the vessel, S.S. Cape Bruny, in the Limitation Proceeding provided the claim was filed prior to June 18, 2010 (the "monition date").  However, Intertek did not receive notice that claims were being made against it until December 27, 2010, five months after the monition date had passed, when service of complaints in the consolidated actions was attempted by individual tort claimants.

Intertek was not named in the lawsuits that were first initiated against Capeco in this Court in October 2009, and no suggestion of liability on its part was made in those suits.  Intertek, therefore, had no basis to make claims during the monition period against the vessel, Cape Bruny, for indemnification and/or contribution.  In December 2010 and until January 15, 2014, there was, in addition, a stay in the consolidated putative class actions, which would have

1

prevented the filing of a third party complaint against the Cape Bruny for indemnity and/or contribution even if the monition date had not passed.

After the stay in this matter was lifted on January 15, 2014, Intertek provided notice on February 7, 2014 in the "Joint Motion in Compliance with Order" that it reserved its right to "move this Court to permit Intertek . . . to file answers and claims in the Limitation Action." That request was granted by the Court on Friday, February 18th.

No Intertek entity has answered or moved against the complaint, and the Limitation Proceeding is still at the pleadings stage. Moreover, the relief sought by Intertek is for indemnification and/or contribution, which would not prejudice the plaintiffs in the consolidated actions. Finally, Cape Bruny advised the Court on February 21 that it does not oppose Intertek's motion to file a late claim.

## BACKGROUND[1]

This controversy arises from the **October 23, 2009** explosion and fire at the CAPECO oil terminal (the October 2009 Incident"). Numerous suits were filed in the U. S. District Court for the District of Puerto Rico within days of the casualty, but not against Intertek, and amended several times in the following weeks. These suits were consolidated, with the lead suit being *Civil Action 09-2092* (the *Capeco* cases).

**On April 22, 2010**, a Shipowner's Limitation of Liability Proceeding was filed by Cape Bruny Tankschiffarts GmbH and Co. KG and Cape Bruny Shipping Company, Ltd. as owners of the vessel M/T Cape Bruny. *Civil Action 10-1337, Docket No. 1.* The limitation action was soon thereafter consolidated with the lead suit, *09-2092*, and the Court issued a restraining order in the shipowner's limitation action on **May 10, 2010** enjoining further commencement or prosecution

---

[1] The facts and evidence referenced herein are in the Court record and the dockets from the consolidated actions.

of claims against CAPE BRUNY and her owners, and a monition requiring claims in the limitation action to be filed **by June 18, 2010**. *Docket No. 343*.

**On August 12, 2010**, Caribbean Petroleum Corporation, Caribbean Petroleum Refining, L.P. and Gulf Petroleum Refining (Puerto Rico) Corporation **filed for bankruptcy** (the "Capeco Debtors"), and on **August 16, 2010**, the Court stayed all proceedings in the Consolidated Civil Action No. *09-2092* as a result of the Bankruptcy Petition. *Docket No. 499*.

**On October 22, 2010**, many of the plaintiffs involved in Civil Action *09-2092* filed new suits in this Court, seeking to make defendants of various parties never previously named in the consolidated proceedings.[2] Among the many new parties named were Intertek Group plc and its division Intertek Oil Chemical & Agri (CALEB BRETT), and numerous others.[3] These cases were later consolidated under *Civil Action 10-2040,* and have been referred to as the "*Antares*" cases. Many of the plaintiffs also sought to amend their complaints in the *Capeco* (*09-2092*) actions to include the new defendants.

**On October 25, 2010**, the Court entered an Order staying all proceedings against all parties to the consolidated litigation; denied the Cape Bruny parties' motion to allow the

---

[2] Intertek and counsel for plaintiffs have entered an agreement to replace the various Intertek entities currently named in the class action complaints with Intertek USA, Inc., which would be the proper Intertek entity over which the Court would have jurisdiction.

[3] Shortly before the one year anniversary of the October 23, 2009 explosion, and on October 22, 2010, a Motion for Leave to File a Fourth Amended Complaint (Dkt. No. 528) was tendered for filing against the following named entities: Caribbean Petroleum Corporation, Caribbean Petroleum Refining, L.P.,Chartis Insurance Co.4, Inpecos A.G, First Oil International; GAD Zeevi; The GTRIMG Foundation; RAM Zeevi; Chartis Insurance Company-Puerto Rico; UPT United Product Tankers GmbH & Co., KG; UPT United Product Tankers (Americas) Llc; Schoeller Holdings, Ltd.; Columbia Shipmanagement Ltd.; Columbia Shipmanagement (Deutschland) GmBH; Cape Bruny Shipping Company, Ltd.; Cape Bruny Tankschiffahrts; Steamship Mutual Underwriting Association (Bermuda) Ltd.; Harbor Bunkering Corporation; Total Petroleum (Puerto Rico) Corporation; Total, S.A.; Shell Trading (U.S.) Company; BP Products North America, Inc.; The British American Oil Producing Company; British American Petroleum Corporation; British American Petroleum Inc.; British American Petroleum International Corp.; Westchester Surplus Line Insurance Company; Liberty Mutual Insurance Company; Navigators Group, Inc.; Antares Oil Services, LLC; Repsol Petroleo, S.A.; MAPFRE; Astra Oil Company LLC.; Astra Oil Trading Limited, NV; Chevron Corporation; Vitol SA, INC; Intertek Group plc and its division Intertertek Oil Chemical & Agri (CALEB BRETT); RYTTSA, as Agents of Repsol Petroleo,S.A. and Repsol YPF Group Businesses.

Limitation of Liability action to proceed; and denied the plaintiffs' motions that the case not be stayed, except as to the bankrupt parties. *Docket No. 533.*

**On or about, December 27, 2010**, Intertek USA, Inc., first received notice that suit in consolidated action 09-cv-2092 (hereinafter "Antares" cases) had been brought against it as a result of this casualty.[4]   On or about that same date, Intertek USA, Inc., received notice in case no. 10-cv-2040 (hereinafter, "Capeco" cases) that suit in that case had been filed against it.[5]

**On January 13, 2014**, the Delaware Bankruptcy Court lifted the automatic stay in the CAPECO bankruptcy, and on **January 15, 2014,** this Court lifted the stay in effect in D.P.R. Case No. 09-cv-02092 and all consolidated cases.  *Docket No. 809.*

## ARGUMENT

I.    **Leave to File a Late Claim Should Be Granted Because the Limitation Proceeding is Undetermined, the Parties' Rights Will Not Be Adversely Affected, and Intertek Has Reason for Filing Late**

A.    **Standard for delayed filing of claims in a limitation proceeding**

A district court ruling on a motion to file a late claim should consider (1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late. Texas Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.2d 359, 362-363 (5th Cir. 1963). The accepted "equitable" principle concerning late claims is that "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims ... upon a showing of the reasons therefore." Texas Gulf Sulphur,

---

[4] See, e.g., proof of service in case no. 10-cv-2036 at docket no. 15 (this case was consolidated with case no. 09-cv-2092; plaintiffs in various other suits within the consolidated Capeco case also served complaints therein on or about December 27, 2010.

[5] See, e.g., proof of service in case no. 10-cv-2059 at docket no. 12 (this case was consolidated with case no. 10-cv-2040; plaintiffs in various other suits within the consolidated Capeco case also served complaints therein on or about December 27, 2010 and thereafter.

313 F.2d at 362-363; <u>Golnay Barge Co. v. M/T SHINOUSSA</u>, 980 F. 2d 349 (5th Cir.1993);

<u>Meyer v. New England Fish Co. of Oregon</u>, 136 F.2d 315, 316 (9th Cir.), cert. denied, 320 U.S.

771 (1943).

In this case there has been no compromise or disposition of claims. Moreover, there can

be no prejudice to any party in the event movants' claims are allowed. <u>See</u> <u>Jappinen v. Canada</u>

<u>Steamship Lines, Limited</u>, 417 F. 2d 189 (6th Cir. 1969) (finding abuse of discretion when

motion to file late claim was denied).  Late claims have been allowed in the interest of justice

even after the case has been fully heard and is awaiting decision on liability. <u>See, e.g.</u>, <u>Petition of</u>

<u>Vermillion Towing Corp.</u>, 227 F. Supp. 933 (E.D. Va. 1964).

Late claimants in admiralty proceedings need not show "good cause." The "cause"

required by Rule F(4) is minimal, and "an explanation rather than a justification for the delay

will suffice."  Rule F(4) of the Supplemental Rules Governing Certain Admiralty and Maritime

Claims; <u>see also</u> <u>Alter Barge Line, Inc. v. Consolidated Grain & Barge Co.</u>, 272 F.3d 396, 397

(7th Cir. 2001).

### B.    Intertek Has Met the Standard for a Late Claim

Here, the limitation proceeding is pending and undetermined.  The time set for filing

claims against the vessel was June 18, 2010.  The start of written discovery has not begun; no

depositions have been taken; and this matter is still at the pleadings stage. The motions before

the Court after the time limit for filing claims were limited to whether the Limitation of Liability

proceedings could go forward. The Court found they should not, and so the entire Limitation of

Liability case was stayed. *Docket No. 533*.  As a consequence, there has been no activity in the

case that in any way has determined any of the merits of the claims, or the shipowner's liability.

As to the second consideration, the posture of the case also resolves that issue. No one

has been prejudiced by the delay because there has been no discovery, no dispositive rulings, and

no activity at all except for a jurisdictional motion (09-2092, Dkt No. 586).  See, e.g., In Re Bartin Denis Nakliyati, as Owner of the MV Bora Isik, 1990 A.M.C. 161 (E.D.N.Y. 1990) (holding that the rights of the parties would not be adversely affected by the granting of permission to file a claim because, although two years had passed since the limitation proceeding had commenced before the claim was filed, the lawsuit was still in its preliminary stages and no significant discovery had occurred).

In The Tradeways II, 1967 A.M.C. 381 (S.D.N.Y.1966), the Court found there was no prejudice where, as here, the case was still at the pleadings stage:

> The case is still at the pleading stage. In the four-month interval between the expiration of the date for filing and the filing of Midland's claim, absolutely no litigation steps were taken by any side. Assuming, arguendo, that Midland has not made out a showing of excusable neglect, the above facts are sufficient to constitute "cause shown," as required by Rule F(4).

Id. at 382.

There also can be no prejudice to the other parties' rights because Intertek is not seeking any direct damages for itself - it is simply seeking to file a claim for indemnity or contribution; plaintiffs cannot obtain recovery in excess of their damages, and indemnification/contribution is a method by which Intertek can seek contribution from others should plaintiffs seek recovery from Intertek for an amount in excess of Intertek's proportionate share of liability.  Indeed, the parties for whose claims against Intertek indemnity is sought are the parties who have already filed claims in the limitation. As a result, there can be no prejudice to the claimants. See, e.g., In re M.V. President Kennedy, Ltd., 2000 WL 351425 (S.D.N.Y. 2000).  In M.V. President Kennedy, the Court found no prejudice to the other parties' rights because the claim, like the situation here, was for indemnity and contribution and the underlying claimants had filed suit against shipowner:

ATE's claim for indemnity and contribution will not confront the Shipowner with entirely new matters, since the underlying cargo damage claims have been previously timely asserted in the limitation proceeding. The trial is six months' distant. There is no demonstrated prejudice to the Shipowner from this late filing, and none to other claimants that I am prepared to recognize at this time.

Id.

When the time limit for filing claims called for by the monition was reached, no party to the many cases arising from the explosion had named any of the Intertek companies as defendants, and no party had put Intertek on notice that a claim would be filed against it.

When Intertek USA, Inc., first received notice of a claim being asserted against it in or around December 2010, the time for filing claims had already run, the Limitation of Liability case had already been stayed by this Court, and the Capeco bankruptcy stay was also in effect.

**WHEREFORE**, Intertek respectfully requests:

That for the above and foregoing reasons, the Court grant it leave to file an answer as well as claims for indemnity and/or contribution in Case No. 10-1337, consolidated with case No. 09-2092, against the vessel petitioners of CAPE BRUNY in the Shipowner's Limitation proceeding.

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to all

attorneys of record.

In San Juan, Puerto Rico, February 28, 2014.


**MONSERRATE & MONSERRATE**

606 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918-3632
Tel. (787) 764-8960
Fax. (787) 751-7114
E-mail: dmp@monserratelaw.com


By:     *S/Dora L. Monserrate-Peñagarícano*
        Dora L. Monserrate-Peñagarícano
        U.S.D.C. 212612

John J. Kenney
Juan A. Skirrow
**Hoguet, Newman, Regal & Kenney, LLP**
10 East 40th Street, 35th Floor
New York, NY 10016
Tel. (212) 689-8808
Fax. (212) 689-5101
jkenney@hnrklaw.com
jskirrow@hnrklaw.com