IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF:

CAPE BRUNY TANKSCHIFFARHTS GMBH AND CO. KG;
  AND
CAPE BRUNY SHIPPING COMPANY LTD.

   Plaintiffs-Petitioners

Filing Case:
Civil No. 09-2092 (FAB)

Civil No. 10-1337 (FAB

**PETITIONERS' AMENDED RULE 14(C) THIRD-PARTY COMPLAINT**

TO THE HONORABLE COURT:

The Plaintiffs and Petitioners in the Limitation of Liability case, (Civil 10-1337) Cape Bruny Tankschiffarhts GmbH and Co. KG and Cape Bruny Shipping Company Ltd., as owners, managing owners, owners pro hac vice, and/or operators of the M/T CAPE BRUNY, her engines, gear, tackle, appurtenances, etc. (hereinafter collectively referred to as "Third-Party Plaintiffs"); pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, and to the terms of this Court's Scheduling Order, as approved February 21, 2014 (Docket 858), respectfully file this Amended Rule 14(c) Third-Party Complaint as against Antares Oil Services, LLC; Intertek, USA Inc.; AOT Limited; Astra Oil Company LLC; Astra Oil Trading N.V.; Shell Trading (U.S.) Company; Commonwealth of Puerto Rico; Gad Zeevi; Ram Zeevi; Inpecos A.G.; First Oil International; GTRIMG Foundation; Harbor Bunkering Corp.; Total Petroleum Puerto Rico Corp.; BP Products North America Inc; Westchester Surplus Lines Insurance Company; Navigators Insurance

Company; John Doe Manufacturing Company;  John Doe Maintenance Company;

and, in support thereof, would respectfully show as follows:

### THE PARTIES

#### THE THIRD-PARTY PLAINTIFFS

1.     Third-Party Plaintiff Cape Bruny Tankschiffarhts GmbH and Co. KG,
is and was at all material times hereinafter mentioned, a corporation organized
and existing under the laws of the Federal Republic of Germany, with principal
place of business at Hamburg, Germany.

2.     Third-Party Plaintiff Cape Bruny Shipping Company Ltd., is and was
at all material times hereinafter mentioned, a corporation organized and existing
under the laws of The Marshall Islands, with its principal place of business at
Hamburg, Germany.

3.     Third-Party Plaintiffs were at all material times hereto the owner,
managing owners, owners pro hac vice, and/or operators of the M/T CAPE BRUNY
under the Shipowner's Limitation of Liability Act, 46 U.S.C. §§30501-30512, as a
party or parties sought to be held liable "as Owner" of the M/T CAPE BRUNY, and
are entitled to the protections afforded by the Shipowner's Limitation of Liability
Act.  The Third-Party Plaintiffs, as Petitioners, instituted this action on April 22,
2010 seeking exoneration from, or limitation of liability, as to all claims arising out

of the explosion and fire at the facilities of the Caribbean Petroleum Corporation and Caribbean Petroleum Refining LP, ("CPC/CPR") at Bayamón, Puerto Rico, on October 23, 2009 ("the Capeco explosion") and the voyage of the M/T CAPE BRUNY which commenced on October 9, 2009 and ended on or about October 23, 2009.

## THE THIRD-PARTY DEFENDANTS

4.      Third-Party Defendant in Limitation, Antares Oil Services, LLC ("Antares") is a corporate entity organized under the laws of Connecticut, with its principal place of business at Bridgewater, Massachusetts.  This Court has personal jurisdiction over Antares because Antares conducted business within the Commonwealth of Puerto Rico.

5.      Third-Party Defendant in Limitation, Intertek USA, Inc. ("Intertek") is a Delaware Corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over Intertek because Intertek is registered to do business in Puerto Rico and does business in Puerto Rico and has a registered agent in Puerto Rico.

6.      Third-Party Defendant in Limitation, AOT Limited ("AOT") is a corporation organized and existing under the laws of Switzerland with a principal place of business at Zug, Switzerland.  This Court has personal jurisdiction over

AOT because AOT has conducted business within the Commonwealth of Puerto

Rico as the owner of cargo delivered within the Commonwealth.

7.      Third-Party Defendant in Limitation, Astra Oil Company LLC

("Astra") is a limited liability company organized and existing under the laws of

California, with a principal place of business at Huntington Beach, California.

This Court has personal jurisdiction over Astra because Astra has conducted

business within the Commonwealth of Puerto Rico.

8.      Third-Party Defendant in Limitation, Astra Oil Trading N.V. ("Astra

Oil"), is a corporation organized and existing under the laws of the Netherlands,

with a principal place of business which is unknown at this time.  This Court has

personal jurisdiction over Astra Oil because Astra Oil has conducted business

within the Commonwealth of Puerto Rico.

9.      Third-Party Defendant in Limitation, Shell Trading (U.S.) Company

("STUSCO"), is a corporation organized and existing under the laws of Delaware

with a principal place of business at Houston, Texas.  This Court has personal

jurisdiction over STUSCO because STUSCO is registered to do business in Puerto

Rico and does business and has a registered agent in Puerto Rico.

10.     Third-Party Defendant in Limitation, the Commonwealth of Puerto

Rico, is a sovereign entity making claims for monetary damages in a civil action in

a U.S. District Court.  This Court has jurisdiction over the Commonwealth of

Puerto Rico by virtue of its voluntary appearance before this Court in this proceeding.

11.    Third-Party Defendant in Limitation, Gad Zeevi ("Zeevi") is an individual who had residence and/or domicile within the Commonwealth of Puerto Rico and who at all material times was the chief executive, manager and/or person in direct control of the operations of the Capeco facilities, also referred to as the "Gulf Oil Facility."  This Court has jurisdiction over Zeevi by virtue of his personal presence in conducting business and work activities in Puerto Rico.

12.    Third-Party Defendant in Limitation, Ram Zeevi (hereinafter also "Zeevi") is an individual who had residence and/or domicile within the Commonwealth of Puerto Rico and who at all material times was the chief executive, manager and/or person in direct control of the operations of the Capeco facilities, also referred to as the "Gulf Oil Facility."  This Court has jurisdiction over Zeevi by virtue of his personal presence in conducting business and work activities in Puerto Rico.

13.    Third-Party Defendant in Limitation, Inpecos A.G. ("Inpecos") is a limited liability company organized and existing under the laws of Switzerland with a principal place of business at Stenhausen, Switzerland.  This Court has personal jurisdiction over Inpecos because Inpecos has conducted business within the Commonwealth of Puerto Rico.

Civil No. 09-2092 (FAB)                                                         -6-
PETITIONERS' AMENDED RULE 14(C) THIRD-PARTY COMPLAINT
=========================================================

    14.    Third-Party Defendant in Limitation, First Oil International ("First Oil") is a Corporation organized and existing under the laws of the British Virgin Islands or the State of Delaware (First Oil has formally advanced both in official documents) with a principal place of business at London, England, and at all times material hereto was the sole owner of Caribbean Petroleum Corporation. This Court has personal jurisdiction over First Oil because First Oil has conducted business within the Commonwealth of Puerto Rico.

    15.    Third-Party Defendant in Limitation, GTRIMG Foundation ("GTRIMG") is a Trust established under the laws of the Principality of Liechtenstein which is controlled by individuals with various places of residence and domicile. This Court has personal jurisdiction over GTRIMG because GTRIMG has conducted business within the Commonwealth of Puerto Rico.

    16.    Third-Party Defendant in Limitation, Harbor Bunkering Corporation ("Harbor") is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico. This Court has personal jurisdiction over Harbor because Harbor is registered to do business in Puerto Rico and does business and has a registered agent in Puerto Rico.

    17.    Third-Party Defendant in Limitation, Total Petroleum Puerto Rico Corp. ("Total") is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, with a principal place of business at Guaynabo,

Puerto Rico.  This Court has personal jurisdiction over Total because Total is registered to do business and has a registered agent in Puerto Rico.

18.    Third-Party Defendant in Limitation, BP Products North America Inc. ("BP") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at Houston, Texas.  This court has personal jurisdiction over BP because BP is registered to do business in Puerto Rico and does business and has a registered agent in Puerto Rico.

19.    Third-Party Defendant in Limitation, Westchester Surplus Lines Insurance Company ("Westchester") is an insurance company organized and existing under the laws of the State of Pennsylvania with a principal place of business at Philadelphia, Pennsylvania.  This Court has personal jurisdiction over Westchester because Westchester has conducted business within the Commonwealth of Puerto Rico as an eligible surplus lines insurer.

20.    Third-Party Defendant in Limitation, Navigators Insurance Company ("Navigators") is an insurance company organized and existing under the laws of the State of Connecticut with a principal place of business at New York, New York.  This Court has personal jurisdiction over Navigators because Navigators has conducted business within the Commonwealth of Puerto Rico.

21.    Third-Party Defendant in Limitation, John Doe Manufacturing Company ("John Doe Manufacturing") is a manufacturing company organized and

========================================================

existing under the laws of a jurisdiction which is unknown. This Court has personal jurisdiction over John Doe Manufacturing because it has conducted business and/or committed a tort with the Commonwealth of Puerto Rico.

22. Third-Party Defendant in Limitation, John Doe Maintenance Company ("John Doe Maintenance") is a maintenance company organized and existing under the laws of a jurisdiction which is unknown. The Court has personal jurisdiction over John Doe Maintenance because it has conducted business and/or committed a tort within the Commonwealth of Puerto Rico.

23. The Plaintiff/Claimants had listed Repsol Petroleo SA ("Repsol") and Repsol YPF Trading y Transporte, S.A. ("Ryttsa") as responsible parties related to the Capeco explosion, both corporations are organized and existing under the laws of the Kingdom of Spain with a principal place of business at Madrid, Spain. The Court has by its Order of July 18, 2013 (found at Docket 770) determined there is no personal jurisdiction over these parties. This determination is presently pending on appeal to the United States Court of Appeals for the First Circuit under Appeal Number 13-2241.

CLAIMANTS

24. Pursuant to the *Order Approving Plaintiffs-Petitioners' Stipulation for Value, Directing Issuance of Notice and Monition, and Restraining Prosecution*

Civil No. 09-2092 (FAB)                                                          -9-
PETITIONERS' AMENDED RULE 14(C) THIRD-PARTY COMPLAINT
========================================================

*of Claims*, dated May 10, 2010 (Docket 11 in Civil 10-1337), any and all Plaintiffs/Claimants subject to the Limitation Injunction, Stay and Restraining Order were directed to file their respective Claims with the Clerk of the Court on or before June 16, 2010. This monition date was later extended on three occasions (Orders at Dockets 413; 677 and 895).

    25.    Commencing on June 15, 2010 Claims against the Third-Party Plaintiffs have been filed in these Limitation proceedings. At the present time there continue to be parties with interest in filing further claims in these Limitation proceedings. Claims have been filed by the following parties:

| | |
|---|---|
| Miguel A. Márquez, and others | Docket 375 |
| 477, or so, Individuals | Docket 381 |
| Harbor Bunkering Corp. | Docket 381 |
| Total Petroleum PR Corp. | Docket 838 |
| 85, or so, Individuals | Docket 385 |
| Chartis Insurance | Docket 387 |
| BP Products NA Inc. | Docket 389 |
| 2,000, or so, Individuals | Docket 391 |
| CPC/CPR | Docket 390 |
| Commonwealth of Puerto Rico | Docket 395 |
| RLI Insurance | Docket 397 |

========================================================

| | |
|---|---|
| AOT, Astra, Astra Oil | Docket 690 |
| Intertek USA, Inc. | Docket 864 |
| Antares Oil Services LLC | Docket 868 |
| Shell Trading USA Co. | Docket 867 |

The Claims presented by CPC/CPR and Chartis Insurance have been dismissed; the Claims of Intertek, Antares and STUSCO have not been filed, but have been allowed as late Claims by the Order of March 19, 2014, Docket 895.

## JURISDICTION AND VENUE

26.     The Court has admiralty and maritime jurisdiction of the Rule 14(c) Third-Party Complaint as this is an admiralty and maritime claim pursuant to and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333.  Venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeitures Actions.

## RULE 14(C) TENDER OF THIRD-PARTY DEFENDANTS TO CLAIMANTS

27.     This Third-Party Complaint is filed pursuant to Rule 14(c) of the Federal Rules of Civil Procedure.  The Plaintiff/Claimants have filed or will file Claims against the Third-Party Plaintiffs in these Limitation proceedings for

which impleader is allowed.  As provided for in Rule 14(c), the Third-Party
Defendants "may be wholly or partially liable -- either to the plaintiff or the
third-party plaintiff -- for remedy over contribution, or otherwise, on account of the
same transaction, occurrence, or series of transactions or occurrences" made the
basis of the Plaintiffs/Claimants' Claims originally made against the Third-Party
Plaintiffs.  Fed. R. Civ. P. 14(c)(1).  The Third-Party Plaintiffs demand judgment
in the Plaintiffs/Claimants' favor against the tendered Third-Party Defendants
pursuant to Rule 14(c)(2).  Accordingly, the tendered Third-Party Defendants
must defend against the Plaintiffs/Claimants' claims under Rule 12, and the
action proceeds as if the Plaintiffs/Claimants had sued both the tendered
Third-Party Defendants and the Third-Party Plaintiffs.  Fed. R. Civ. P. 14(c)(2).
Pursuant to Rules 4, 12 and 14(c) of the Federal Rules of Civil Procedure, the
Third-Party Plaintiffs demand that the Plaintiffs/Claimants assert their Claims
directly against the tendered Third-Party Defendants and that the tendered
Third-Party Defendants file responsive pleadings to the Claims in Limitation.
This Rule 14(c) tender and demand applies to all Limitation Claims filed or to be
filed in these Limitation proceedings.

28.    The Third-Party Plaintiffs have or will file Rule 12(b) Motions to
Dismiss or Answers in response to the Claims in Limitation and have denied or
will deny that they are liable, in whole or in part, to the Plaintiffs/Claimants on

Civil No. 09-2092 (FAB)                                                                -12-
PETITIONERS' AMENDED RULE 14(C) THIRD-PARTY COMPLAINT
========================================================

account of their Claims in Limitation.  The Third-Party Plaintiffs will also answer

or file Rule 12(b) Motions to Dismiss in response to any future Claims in

Limitation filed after the filing of this Third-Party Complaint, and will deny that

they are liable, in whole or in part, to any Plaintiffs/Claimants on account of any

Claims filed on or before June 18, 2010, or filed before any other monition date as

permitted by the Court.  Although the Third-Party Plaintiffs deny that they are

liable to any Limitation Plaintiffs/Claimants for the Capeco explosion of October

23, 2009 the tendered Third-Party Defendants may, however, be directly liable, in

whole or in part, to the Plaintiffs/Claimants on account of the Plaintiffs/Claimants'

Claims in Limitation.  Thus, joinder of the tendered Third-Party Defendants is

proper on the basis of the Third-Party Defendants' direct liability to the

Plaintiffs/Claimants for the allegations and causes of action as set forth in the

Plaintiffs/Claimants' Claims in Limitation.

29.     The true facts and circumstances regarding the Capeco explosion

incident of October 23, 2009 are that the incident was caused not by any acts,

omissions, or culpable conduct of the Third-Party Plaintiffs, but may have been

caused in whole or in part by the acts, omissions or culpable conduct of the

Third-Party Defendants.

30.     Because the Capeco explosion incident of October 23, 2009 may have

been caused, in whole or in part, by the acts, omissions or culpable conduct of the

========================================================

Third-Party Defendants, the Plaintiffs/Claimants must assert their Claims directly against Third-Party Defendants and the Third-Party Defendants must file responsive pleadings to all Claims in Limitation pursuant to Rule 14(c) of the Federal Rules of Civil Procedure.  The Limitation Claims will then proceed as if the Plaintiffs/Claimants had sued the Third-Party Defendants directly.  The Plaintiffs/Claimants in Limitation could have brought suit against the tendered Third-Party Defendants and, in fact, have done so in various Complaints filed as a result of the Capeco explosion incident of October 23, 2009.  The allegations, contentions and causes of action which have been asserted by the various Plaintiffs/Claimants which have filed suit as a result of the Capeco explosion incident of October 23, 2009 are set forth in the various Complaints and the Claims listed at paragraph 25 above, and are incorporated herein for reference only.  The Third-Party Plaintiffs' reference to the allegations, contentions, and causes of action asserted by the various Plaintiffs/Claimants who have filed suit as a result of the Capeco explosion incident of October 23, 2009 is not intended by Third-Party Plaintiffs as an adoption of these allegations, contentions and causes of action.  Reference is made to these allegations, contentions and causes of action only to establish that, under Rule 14(c), the Third-Party Defendants may be liable, in whole or in part, to the Plaintiffs/Claimants and, accordingly, impleader of these Third-Party Defendants -- and their tender to the Plaintiffs/Claimants -- is

========================================================

proper.  On the basis of these allegations, contentions and causes of action, the Third-Party Defendants may be liable directly to the Plaintiffs/Claimants.

31.    As to Antares, the following allegations, among others, have been made by the Plaintiffs/Claimants that Antares had some control or supervision of the placement of the product into shore tanks and had "failed to perform the duties [it] was required to perform" as an inspection company or performed these duties negligently.

32.    As to Intertek, the following allegations, among others, have been made by the Plaintiffs/Claimants that Intertek had control or supervision of the placement of the product into shore tanks and had "failed to perform the duties [it] was required to perform" as an inspection company or performed these duties negligently.

33.    As to AOT, Astra and Astra Oil the Plaintiffs/Claimants have made allegations, among others, that "they agreed to exercise control of operations at the Gulf Oil Facility" on October 23, 2009 and the placement of the product into shore tanks and were negligent in the performance of these duties.

34.    As to STUSCO, the Plaintiffs/Claimants have made allegations, among others, that it committed acts of "having negligently entrusted their fuel and ultra-hazardous and explosives products to the 'Gulf Oil Facility.'"

Civil No. 09-2092 (FAB)                                                                    -15-
PETITIONERS' AMENDED RULE 14(C) THIRD-PARTY COMPLAINT
=======================================================

35.    As to the Commonwealth of Puerto Rico, the Plaintiffs/Claimants have made no direct allegations or Complaints; however, the Plaintiffs/Claimants have alleged that the Capeco facility (the "Gulf Oil Facility") at Bayamón, Puerto Rico, was defective; was lacking safety and prevention equipment and safety procedures; was lacking inspection; was failing in compliance with statutes and regulations; was lacking in trained personnel; and that there was a failure to have an adequate water supply and other firefighting systems required by the nature of their hazardous operations.  The Commonwealth of Puerto Rico would be liable and responsible for the failure and negligence of its agencies and officers in granting operational permits, allowing this facility to operate and to conduct business with companies and entities in Puerto Rico and outside of Puerto Rico. These agencies, officers and executives failed to properly inspect, oversee, supervise and require compliance, and proper, adequate and required insurance coverage from the persons and entities who owned, controlled and operated the "Gulf Oil Facility."

In addition to the above, the Commonwealth of Puerto Rico has submitted voluntarily to the jurisdiction of this court and by reason of having made affirmative claims for monetary damages from private parties has waived its sovereign immunity.

As to the Commonwealth of Puerto Rico the Third-Party Plaintiffs request a declaration of fault as to the degree that such negligence and fault caused in full, or contributed to the Capeco explosion incident.  The Third-Party Plaintiffs do not seek an imposition of damages at this time, as under the Scheduling Order of the Court the proceedings are limited to the determinations of fault and cause of the Capeco explosion incident, which determination should be made under the general maritime law of the United States and within the Limitation of Liability proceeding.

36.    As to Gad Zeevi and Ram Zeevi the Plaintiffs/Claimants have made allegations, among others, that they were alter egos of the various CPC/CPR related firms and entities which owned, operated and controlled the Gulf  Oil Facility, and are thus vicariously liable for the negligence and fault of CPC/CPR with respect to the "Gulf Oil Facility."

In addition to, and separate from, the above, Ram Zeevi and Gad Zeevi were the chief executives, managers, supervisors and overseers of the policy, operations and day-to-day workings of the "Gulf Oil Facility," and in this they were directly and personally negligent, responsible and liable for the condition and operational deficiencies of the "Gulf Oil Facility" on October 23, 2009.

37.    As to Inpecos, the Plaintiffs/Claimants have made allegations, among others, that Inpecos, alone or together with other entities, had full control of the

operations of the Capeco oil facility at Bayamón, Puerto Rico, and in exercising this control it acted negligently in permitting the facility to operate with faulty equipment and with insufficient and untrained personal.

38.    As to First Oil the Plaintiffs/Claimants have made allegations, among others, that First Oil, alone or together with other entities, was the full owner and had full control of the operations of the Capeco oil facility at Bayamón, Puerto Rico, and in exercising this control it acted negligently in permitting the facility to operate with faulty equipment and with insufficient and untrained personal.

39.    As to GTRIMG the Plaintiffs/Claimants have made allegations, among others, that GTRIMG, alone or together with other entities, had full control of the operations of the Capeco oil facility at Bayamón, Puerto Rico, and in exercising this control it acted negligently in permitting the facility to operate with faulty equipment and with insufficient and untrained personal.

40.    As to Harbor the Plaintiffs/Claimants have made allegations, among others, that Harbor negligently entrusted hazardous materials that it owned to the Capeco Oil facility at Bayamón, Puerto Rico which constitutes an act of negligence.

41.    As to Total the Plaintiffs/Claimants have made allegations, among others, that Total negligently entrusted hazardous materials that it owned to the Capeco Oil facility at Bayamón, Puerto Rico which constitutes an act of negligence.

42.    As to BP the Plaintiffs/Claimants have made allegations, among others, that BP negligently entrusted hazardous materials that it owned to the Capeco Oil facility at Bayamón, Puerto Rico which constitute an act of negligence.

43.    As to Westchester the Plaintiffs/Claimants have made allegations, among others, that Westchester was the insurer of certain risks and liabilities of parties that controlled and operated the Capeco oil storage facility at Bayamón, Puerto Rico, including CPR/CPC, and as such, under the terms of Title 26 P.R. Laws Ann. §§ 2001 and 2003 Westchester would be directly liable, up to the terms of its policy, for the liability of CPC/CPR.

44.    As to Navigators the Plaintiffs/Claimants have made allegations, among others, that Navigators was the insurer of certain risks and liabilities of parties that controlled and operated the Capeco oil storage facility at Bayamón, Puerto Rico, including CPR/CPC, and as such under the terms of Title 26 P.R. Laws Ann. §§ 2001 and 2003, Navigators would be directly liable, up to the terms of its policy, for the liability of CPR/CPC.

45.    As to John Doe Manufacturing the Plaintiffs/Claimants have not made direct allegations against a named manufacturer but have made specific

allegations that: "The Gulf Oil Facility's computerized monitoring system was not operational." To the extent these allegations refer to the design, manufacture, installation or maintenance of any gauging, metering and/or detection system employed at the Capeco facility storage tanks and control room, these would relate to the party or parties who designed, manufactured, installed and/or maintained the metering, gauging, measuring or detection system and equipment and such failure would constitute negligence, fault and/or strict liability.

46.     As to John Doe Maintenance the Plaintiffs/Claimants have not made direct allegations against a named entity providing maintenance and repair but has made specific allegations that: "The Gulf Oil Facility's computerized monitoring system was not operational." To the extent these allegations refer to deficient maintenance and repairs to the gauging, metering and/or detection system employed at the Capeco facility storage tanks and control room, these would relate to the party or parties who provided maintenance and repairs to the metering, gauging, treasuring or detection systems and equipment and such failure would constitute negligence, fault and/or strict liability.

47.     As to Repsol/Ryttsa the Plaintiffs/Claimants had alleged certain acts of liability. The Third-Party Plaintiffs do not implead these parties because the Court has determined there would be no personal jurisdiction over these parties (Order of July 18, 2013, Docket 770); and because the contractual relationship

between the Third-Party Plaintiffs and these parties required that any and all controversies related to the voyage of the M/T CAPE BRUNY would be adjudicated by arbitration to be held at London, England.   The Judgment of dismissal is presently before the United States Court of Appeals for the First Circuit under Appeal Number 13-2241.

48.     CPC and CPR, the owner and operator of the facility where the explosion and fire occurred on October 23, 2009, had filed a Claim and Answer in the Limitation of Liability proceeding on June 16, 2010 (Docket 390).  On August 12, 2010 these parties sought protection under the Bankruptcy statutes before the United States Bankruptcy Court for the District of Delaware under Case Number 10-12553(KG).  Within these proceedings CPC and CPR were placed in a process of liquidation and a liquidation trustee was appointed.  This Trustee entered into certain settlement agreements with some of the Plaintiff/Claimants in these Limitation of Liability proceedings.   Although the contents of this (these) settlement agreement(s) has/have not been disclosed, it has been represented to the Court that a condition of this settlement was the dismissal of the actions initiated against CPC/CPR, its successors, Caribbean Petroleum Liquidation Trustee and FTI, Inc. (liquidation trustee).  The liquidated parties, CPC/CPR would have continued to be Third-Party Defendants in this matter but for the provisions of the Bankruptcy statutes and orders and decrees of the Bankruptcy

========================================================

Court.  A trial in the Limitation of Liability proceeding will find, conclude, adjudge and decree that CPC/CPR were negligent and liable with respect to the Capeco explosion and fire of October 23, 2009, and would further apportion their liability at or near 100% of fault.

### RESERVATION OF THIRD-PARTY PLAINTIFFS' RIGHTS TO FILE RESPONSIVE PLEADINGS INCLUDING AFFIRMATIVE CLAIMS, CROSS-CLAIMS AND/OR COUNTER-CLAIMS

49.    The Third-Party Plaintiffs reserve their rights under the Federal Rules of Civil Procedure and the Scheduling Order of February 21, 2014 to file responsive pleadings, including Rule 12(b) Motions to Dismiss, Answers, and Cross-Claims, and/or Counter-Claims made by any Third-Party Defendant against the Third-Party Plaintiffs as a result of the filing of this Amended Rule 14(c) Third-Party Complaint.  Under the Scheduling Order the Third-Party Defendants will file any Answer or other responsive pleading, including cross-claims to any cross-claims or third-party complaints by the Rule 14(c) Defendants in the Limitation on or before April 28, 2014.

WHEREFORE, the Third-Party Plaintiffs respectfully pray:

(a)    That the Third-Party Defendants be required to appear in this Limitation of Liability proceeding;

Civil No. 09-2092 (FAB)                                              -22-
PETITIONERS' AMENDED RULE 14(C) THIRD-PARTY COMPLAINT
=========================================================

      (b)    That all Plaintiffs/Claimants filing Claims in the Limitation of Liability case assert their Claims directly against the Third-Party Defendants, in addition to the Third-Party Plaintiffs, and;

      (c)    That the Third-Party Plaintiffs have such other and further relief available under applicable federal maritime and admiralty law, and such other relief that is just and appropriate.

    RESPECTFULLY SUBMITTED.

    In San Juan, Puerto Rico, this 28th day of March, 2014.

    I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing automatically to all counsel of record.

                     *s/J. Ramón Rivera Morales*
                     J. Ramón Rivera-Morales
                     USDC-PR 200701
                     Manolo T. Rodríguez-Bird
                     USDC-PR 203607
                     Jorge F. Blasini
                     USDC-PR 213001
                     Jiménez, Graffam & Lausell
                     *Attorneys for*
                     *Cape Bruny Tankschiffarhts GmbH and Co. KG; and Cape Bruny Shipping Company Ltd.*
                     PO Box 366104
                     San Juan, PR  00936-6104
                     T. 787-767-1030 / F. 787-751-4068
                     E-Mail: rrivera@jgl.com