IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>CAPE BRUNY TANKSCHIFFARHTS<br>GMBH AND CO. KG;<br>AND<br>CAPE BRUNY SHIPPING COMPANY LTD.<br><br>Plaintiffs-Petitioners | Filing Case:<br>Civil No. 09-2092 (FAB)<br><br><br>Civil No. 10-1337 (FAB) |

## HARBOR BUNKERING CORPORATION  CROSS-CLAIM COMPLAINT

TO THE HONORABLE COURT:

**COMES NOW HARBOR BUNKERING CORPORATION,** (hereinafter "HBC") through the undersigned counsel and pursuant to this Court's Scheduling Order, as approved on February 21, 2014 and very respectfully states, alleges and prays as follows:

1. HBC files this Cross-Claim Complaint pursuant to this Court's Scheduling Order, as approved on February 21, 2014 (Docket 858 in Civil Action No. 09-2092).

2. HBC also brings this action due to the fact that there have there have been several complaints filed in federal and state courts alleging injuries and damages arising out of a fire and an explosion on that occurred October 23, 2009 at a storage tank farm facility located in Bayamón, Puerto Rico, that was owned and operated by Caribbean Petroleum Corporation ("CAPECO").  Cross-Claim Defendants, Plaintiff-Petitioners and HBC, among others, are named as defendants in some of the Civil Cases which are all consolidated under Civil No. 09-2092(FAB) (hereinafter, Consolidated Cases).

3. The Plaintiffs in the Consolidated Cases allege that CAPECO, the Limitation

1

Plaintiffs, the rest of the named defendants, Cross-Claim Defendants, Plaintiff-Petitioners including HBC, are jointly and severally liable for the injuries and damages suffered by them as a result of the Explosion.

4. HBC is a corporation organized and existing under the laws of Puerto Rico, with its principal place of business in Puerto Rico located at 404 Fernandez Juncos Avenue, San Juan, Puerto Rico 00901.

5. Limitation Plaintiffs-petitioners are Cape Bruny Tankschiffarts GmbH and Co. KG and Cape Bruny Shipping Company Ltd., as owners and bareboat charterers of the vessel M/T Cape Bruny.

6. Cross-Claim Defendants are Cross-Claim Defendants are Inpecos, A.G.;  First Oil International;  Gad  Zeevi;  Ram Zeevi; The GTRIMG Foundation; Total Petroleum  Puerto  Rico  Corp.; Shell Trading (U.S.) Company; BP Products North America, Inc.; Westchester Surplus Lines Insurance Company; Navigators Insurance Company; Antares Oil Services LLC; Repsol Petroleo, S.A.; Astra Oil Company, LLC; Astra Oil Trading, N.V.; Intertek USA, Inc.; AOT Limited; the Commonwealth of Puerto Rico; and Repsol YPF Trading y Transporte, S.A.

7. Each of the Plaintiff-petitioners and other Defendants and Cross-Claim Defendants as well as HBC has been named and/or served with a summons and complaint, as amended, and/or has initiated, been named in or served with other summonses and complaints related to the fire and an explosion on that occurred October 23, 2009.

8. On April 22, 2010, Limitation Plaintiffs initiated the captioned limitation action Civil No. 10-1337. The same was added to the cases consolidated under Civil No. 09-2092(FAB).

9. HBC submits the foregoing pleading within the captioned limitation proceeding in

accordance with the proposed schedule exclusively for the limitation proceeding that was approved by the Court. HBC alleges that the liability of any party as to the claims made by the various plaintiffs in the Consolidated Cases and a full apportionment of fault as to such liability should be determined exclusively within the captioned limitation proceeding, in a bench trial.

10. Notwithstanding, HBC understands that such matter will be subject to briefing as requested by this Court. Therefore, to the extent that this Court may decide to adjudicate HBC's liability (which is denied) outside of the captioned limitation proceeding in any way, HBC files the foregoing Cross-Claim Complaint in cases Civil Nos. 09-2092, 09-2096, 09-2215, and 10-1030.

11. To the extent HBC's liability in the Consolidated Cases is adjudicated within the captioned proceeding, HBC hereby submits the foregoing against Cross-Claim Defendants under Fed.R.Civ.P. 13(g) in order to preserve its contribution rights.

12. HBC files this as a claim for contribution under Puerto Rico law, as stated in Article 1098 of the Puerto Rico Civil Code 31 L.P.R.A §3109 which establishes a right for contribution among joint tortfeasors, and for damages pursuant to Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141.

13. HBC did not have, and has never had, any control over the operation of the CAPECO storage tank farm facility.

14. HBC denies that it is liable for any damages resulting from the Incident, including those claims alleged by Plaintiffs in any of the complaints and claims, Petitioners' Rule 14(c) Third-Party Complaint, any claims by the Other Defendants and for any and all other claims for damages against HBC arising out of or associated with the fire and an

explosion on that occurred October 23, 2009 and the resulting claimed damages.

15. HBC did not own or was to receive any of the fuel that was allegedly being unloaded from the M/T Cape Bruny on October 23, 2009.

16. At all times HBC complied with all the applicable laws and regulations regarding the storage of its materials at the Capeco tank farm facilities.

17. Issues of material fact having direct bearing on responsibility, and the issues of negligence as to the cause and/or origin of the Explosion have not been determined as to any of the parties to the Consolidated Cases. HBC, however, was in no way negligent, was not at fault nor did it contribute in any way to the cause of the Explosion.

18. HBC does not have, and never has had a duty to supervise or monitor the operation of the CAPECO storage tank farm facility nor did they over the delivery of fuel to Capeco tank farm facilities.

19. Therefore, assuming that a judgment is rendered against HBC in the Consolidated Cases; or that HBC otherwise disburses any monies as relief for compensation and/or consideration for any claims asserted related to the Explosion, then HBC is entitled, pursuant to Puerto Rico law, to be afforded contribution based upon the proportion of relative responsibility which is found to be attributed to Cross-Claim Defendants.

20. HBC contends that the Incident was solely the fault of CAPECO or its related entities. In the event the Court imposes any liability on Third-Party Defendants HBC, however, whether in the context of the Limitation Action or any of the Non-Limitation Cases, HBC contends in the alternative that the Incident was caused in whole or in part by the negligence, strict liability, or other fault of other parties. Accordingly, HBC hereby assert cross claims against CAPECO, Plaintiff-

petitioners and Cross-Claim Defendants.

21. Therefore, in the event that a judgment were to be entered against HBC in any forum for claims arising out of the Explosion; or that HBC were to be required to otherwise disburse any monies as relief for compensation and/or consideration for any claims asserted related to the Explosion, then HBC is entitled, pursuant to Puerto Rico law, to be afforded contribution based upon the apportionment of fault made as to HBC, CAPECO, Plaintiff-petitioners and Cross-Claim Defendants.

**WHEREFORE**, HBC requests the following relief from this Honorable Court:

- That the claims of HBC for contribution and damages be approved and allowed in full;
- That in the event a judgment were to be entered against HBC in any forum for claims arising out of the Explosion that occurred October 23, 2009 at a storage tank farm facility located in Bayamón, Puerto Rico, the Court make a full allocation of responsibility and the Court award HBC a judgment of contribution against Cross-Claim Defendants for any amounts paid by HBC in excess of its proportionate share of responsibility.
- That this Court grants such other and further relief as to the Court may seem just and proper.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this twenty-eight (28th) day of April, 2014.

- 6 -

**IT IS HEREBY CERTIFIED** that today we electronically filed the foregoing with the clerk of the Court using the CM/ECF system which, on information and belief, shall automatically notify all counsel of record and which, pursuant to Local Civil Rule 5.1 (b)(2), constitutes the equivalent of service.

**\S\  RAFAEL A. OJEDA DIEZ**
**USDC Id. No. 210105**
**OJEDA & OJEDA**
**PO Box 9023392**
**San Juan, PR 00902-3392**
**Tels.   (787) 728-4120 -728-4102**
**Fax     (787) 727-3177**
**E-mail: rafaelojeda@ojedalawpr.com.com**