IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>CAPE BRUNY TANKSCHIFFARTS GMBH AND CO. KG; and CAPE BRUNY SHIPPING COMPANY, LTD.,<br><br>for Exoneration From or Limitation of Liability as Owner and Bareboat Charterer of the M/T "Cape Bruny,"<br><br>Plaintiffs-Petitioners. | CIVIL NO. 10-1337 (FAB)<br><br>Filing Case: Civil No. 09-2092 (FAB)<br><br>IN ADMIRALTY |

**ANTARES OIL SERVICES LLC'S ANSWER TO PETITIONERS' AMENDED RULE 14 (c) THIRD-PARTY COMPLAINT, COUNTERCLAIMS, AND CROSS-CLAIMS**

COMES NOW, Antares Oil Services, LLC ("Antares") and, pursuant to this Court's Scheduling Order dated February 21, 2014 (Docket No. 858 in Civil No. 09-2092), files this response to the *Petitioners' Amended Rule 14(c) Third-Party Complaint* (the "Rule 14(c) Complaint") (Docket No. 910) filed in Civil No. 10-1337 by Third-Party Plaintiffs Cape Bruny Tankschiffahrts GmBH and Co. KG and Cape Bruny Shipping Company Ltd., by averring and alleging as follows in support of (a) its answer to the claims, (b) its answer to all pending and forthcoming crossclaims and counterclaims, (c) its own counterclaims against the Third-Party Plaintiffs (and crossclaims against certain other Third-Party Defendants), for contribution and/or tort indemnity pursuant to Rule 13 of the Federal Rules of Civil Procedure:

## INTRODUCTION

1.  A fire and explosion occurred on or about October 23, 2009 ("the Incident") at a facility owned and/or operated by Caribbean Petroleum Corporation ("CAPECO") and/or

Caribbean Petroleum Refining LP ("CPR"), located in Bayamón, Puerto Rico. The fire and explosion occurred while the M/T CAPE BRUNY was unloading a cargo of unleaded gasoline at the marine dock/terminal. Allegedly, recipient tank at the facility overflowed and a source of ignition caused the fire and explosion.

2. Plaintiffs in the consolidated cases (Civil Nos. 09-2092, 09-2095, 09-2096, 09-2215, 10-1030, 10-2030, 10-2036, 10-2040, 10-2059, 10-2063, 10-2070, 10-2077, 10-2088, 10-2097, 10-2105, 10-2202, 10-2214, and 11-1206; collectively, the "consolidated cases") seek various damages and other forms of relief as a result of the fire and explosion from a number of defendants, including –in some cases– Antares.

3. Petitioners Cape Bruny brought the *Complaint for Exoneration from or Limitation of Liability filed by Petitioners Cape Bruny Tankschiffahrts GmBH and Co. KG and Cape Bruny Shipping Company Ltd* (the "Limitation Action") (Docket No. 1 of Case No. 10-1337) on April 22, 2010.

4. On March 28, 2014, Antares answered the limitation action, pursuant to this Court's *Memorandum & Order*, entered on March 19, 2014 (Docket No. 895), granting Antares' request for leave to file a claim in Civil No. 10-1337, and, as defendant in some of the consolidated cases, brought a Claim for contribution against the Cape Bruny. *See*, *Antares Oil Services, LLC's Claim for Contribution Against Limitation Action Petitioners, and Answer to Complaint for Exoneration or Limitation of Liability by Antares Oil.* (Docket No. 919).

5. On that same date, the Cape Bruny brought the Rule 14(c) Complaint, which named Antares as a Third-Party defendant stating that Antares may be wholly or partially liable

to the plaintiffs in the consolidated cases or to the Cape Bruny for contribution, or otherwise, and included a number of allegations against Antares.

6. Plaintiffs in the Non-Limitation Cases (that is, the consolidated cases minus the Limitation Action) seek various damages and other forms of relief as a result of the fire and explosion from a variety of defendants, including Antares.

7. Antares denies it is liable or responsible for any of the plaintiffs' alleged injuries and/or damages in the Non-Limitation Cases, and consequently denies any and all liability and/or fault for indemnity or contribution to the Cape Bruny. Rather, Antares contends that the fire and explosion were solely the fault of CAPECO, CPR, and/or related entities.

8. Nevertheless, out of an abundance of caution and in the event that the Court were to impose any liability on Antares in the Non-Limitation Cases, then Antares contends in the alternative that the fire and explosion were caused in whole or in part by the negligence, strict liability, or other fault of the Cross-Defendants and Third-Party Defendants identified below.

9. Although they are parties to certain of the Non-Limitation Cases, Cape Bruny Shipping Company Ltd. and Cape Bruny Tankschiffarhts GmbH and Co. KG have not been named as Cross-Defendants or Third-Party Defendants below due to the injunction contained in the Court's *Order Approving Plaintiffs-Petitioners' Stipulation for Value, Directing Issuance of Notice and Monition, and Restraining Prosecution of Claims*, dated May 10, 2010 (Rec. Doc. 11 in Civil Action No. 10-1337), which prohibits the taking of any steps against these two parties outside of the Limitation Action, Civil Action No. 10-1337. Instead, Antares previously filed claims against Cape Bruny Shipping Company Ltd. and Cape Bruny Tankschiffarhts GmbH and Co. KG within the Limitation Action (Docket No. 919 in Civil No. 09-2092) seeking

contribution and/or tort indemnity for any and all sums that Antares may be compelled to pay to the plaintiffs in the Non-Limitation Cases.

## ANSWER TO THE RULE 14(c) COMPLAINT

1. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 1.

2. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 2.

3. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 3 although admits only that the "M/T Cape Bruny has been located in the District of Puerto Rico"; the allegations contained in that paragraph also assert legal arguments and conclusions to which no response is required.

4. It is admitted that Antares Oil Services, LLC is a Connecticut corporation with offices in Connecticut at 325 Reef Road, Suite 108, Fairfield, CT 06824. Antares acted as an independent loss control contractor, witnessing quality and quantity of fuel cargo discharged from the Cape Bruny at the discharge port. At the time of the explosion and offloading of the Cape Bruny, no Antares representative or agent had any power or duty to supervise, control or prevent any operation or activity regarding such offloading. Any other allegation contained in paragraph 4 is denied.

5. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 5.

6. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 6.

7. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

8. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 8.

9. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 9.

10. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 10.

11. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 11.

12. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 12.

13. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 13.

14. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 14.

15. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 15.

16. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 16.

17. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

18. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 19.

20. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

21. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

22. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 22.

23. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 23; the allegations contained in that paragraph also assert legal arguments and conclusions to which no response is required.

24. The allegations contained in that paragraph 24 assert legal arguments and conclusions to which no response is required.

25. The allegations contained in that paragraph 25 assert legal arguments and conclusions to which no response is required and denies any knowledge or information sufficient to form a belief as to the allegations in said paragraph, to the extent that an answer is required.

26. The allegations contained in that paragraph 26 assert legal arguments and conclusions to which no response is required.

27. The allegations contained in that paragraph 27 assert legal arguments and conclusions to which no response is required and Antares reiterates its denial of any and all

liability or fault and incorporates by reference its defenses and allegations contained in Antares' Answer to the complaints in the consolidated non-limitation cases.

28. The allegations contained in that paragraph 28 assert legal arguments and conclusions to which no response is required and denies any knowledge or information sufficient to form a belief as to the allegations in said paragraph, to the extent that an answer is required.

29. The allegations contained in that paragraph 29 assert legal arguments and conclusions to which no response is required and Antares denies any liability or fault and reiterates that any damages allegedly suffered by the plaintiffs in the consolidated cases and the Cape Bruny were caused solely by the fault of CAPECO, CPR, and/or related entities.

30. The allegations contained in that paragraph 30 assert legal arguments and conclusions to which no response is required and Antares denies any liability or fault and reiterates that any damages allegedly suffered by the plaintiffs in the consolidated cases and the Cape Bruny were caused solely by the fault of CAPECO, CPR, and/or related entities.

31. The allegations contained in that paragraph 31 assert legal arguments and conclusions to which no response is required and Antares denies any liability or fault and reiterates that any damages allegedly suffered by the plaintiffs in the consolidated cases and the Cape Bruny were caused solely by the fault of CAPECO, CPR, and/or related entities.

32. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 32.

33. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 33.

34. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 34.

35. The allegations contained in that paragraph 35 assert legal arguments and conclusions to which no response is required and/or denies any knowledge or information sufficient to form a belief as to the allegations in said paragraph, to the extent that an answer is required.

36. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 36.

37. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 37.

38. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 38.

39. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 39.

40. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 40.

## **DEFENSES**

41. The complaint fails to state a claim upon which relief can be granted.

42. Antares is free from fault or neglect or negligence regarding any incident described in the limitation action.

43. The damages suffered could have been caused by the fault and negligence or other legal fault of the Cape Bruny and said negligence or other legal fault could have been

known to the Cape Bruny or any of the Third-Party Defendants named in the Rule 14(c) Complaint. Therefore, the Complaint should be dismissed.

44. Antares incorporates by reference all of the defenses raised in *Antares Oil Services, LLC's Claim for Contribution Against Limitation Action Petitioners, and Answer to Complaint for Exoneration or Limitation of Liability by Antares Oil* (Docket No. 919).

45. Antares reserves the right to supplement this Claim and Answer upon development of additional facts.

## ANSWER TO AND GENERAL DENIAL OF ALL PENDING AND FORTHCOMING CROSSCLAIMS AND COUNTERCLAIMS

1. On January 16, 2013, Total Petroleum Puerto Rico Corp. ("Total") filed a "Cross-Claim and Third Party Complaint" (Docket No. 726 in Civil No. 09-2092) in the Limitation Action against Antares and various parties for contribution. On March 28, 2014, Total also filed a "Cross-Claim Complaint" (Docket No. 913 in Civil No. 09-2092) in the Limitation Action, again asserting a crossclaim for contribution against Antares, among others. Moreover, in accordance with the Court's Scheduling Order, Antares anticipates that additional crossclaims and/or counterclaims may be filed against it on or before April 28, 2014.

2. Antares understands that all claims for contribution, indemnity and/or "nivelación" in these consolidated actions have not yet accrued or at least matured. See, e.g., Marathon Pipe Line Co. v. Drilling Rig Rowan/Odessa, 761 F.2d 229, 236 (5th Cir. 1985) ("Under general maritime law . . . actions for indemnity and contribution do not finally accrue until the principal defendant is cast in judgment on the principal demand").

3. Nevertheless, in the alternative, and as a precaution, Antares responds to Total's crossclaims and to any additional crossclaims or counterclaims that may be filed against Antares,

by incorporating by reference the affirmative defenses, denials, and responses to factual allegations that are contained in its Answer to the Complaints in the Non-Limitation Actions (which are being filed today), and in its *Answer to the Complaint for Exoneration From or Limitation of Liability* in Civil Action No. 10-1337 (Docket No. 919 in Civil No. 09-2092). Except as specifically averred in those Answers, Antares denies for lack of knowledge or information sufficient to form a belief about the truth of the factual allegations in Total's crossclaims and any additional crossclaims or counterclaims that are filed against it, and contends that CAPECO and its related entities are solely at fault for the Incident and all resulting damages.

## COUNTERCLAIMS AND CROSSCLAIMS

4. Third-Party Defendant Antares contends that the Incident was solely the fault of CAPECO or its related entities. Moreover, as noted above, Antares believes that claims for indemnity and contribution in this case have not yet accrued. Nevertheless, out of an abundance of caution and in the event the Court imposes any liability on Third-Party Defendant Antares, whether in the context of the Limitation Action or any of the Non-Limitation Cases, Antares contends in the alternative that the Incident was caused in whole or in part by the negligence, strict liability, or other fault of other parties.

5. Accordingly, Antares hereby asserts the following counterclaims and crossclaims for contribution and/or tort indemnity against the parties identified below.

6. This Court has exclusive admiralty and maritime jurisdiction over these counterclaims and crossclaims by virtue of the admiralty and maritime nature of the events

giving rise to the original claims and by virtue of the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*.

7. Venue is proper in this Court insofar as all of the operative events occurred within this District.

8. Counterclaimant/Cross-claimant Antares is a Connecticut corporation with offices at 325 Reef Road, Suite 108, Fairfield, CT 06824. Antares acted as an independent loss control contractor, witnessing quality and quantity of fuel cargo discharged from the M/T CAPE BRUNY at the discharge port.

## **COUNTERCLAIMS**

9. Counterclaim Defendant Cape Bruny Tankschiffarhts GmbH and Co. KG is a corporation organized and existing under the laws of the Federal Republic of Germany, with its principal place of business at Hamburg, Germany. Cape Bruny Tankschiffarhts GmbH and Co. KG was the owner, managing owner, owner *pro hac vice*, and/or operator of the M/T CAPE BRUNY.

10. Counterclaim Defendant Cape Bruny Shipping Company Ltd. is a corporation organized and existing under the laws of The Marshall Islands, with its principal place of business at Hamburg, Germany. Cape Bruny Shipping Company Ltd. was the owner, managing owner, owner *pro hac vice*, and/or operator of the M/T CAPE BRUNY.

11. In the event Antares is found liable in any amount to any plaintiff or claimant herein, then Antares alleges on information and belief that the Cape Bruny Counterclaim Defendants caused or contributed to the damages allegedly suffered by the plaintiffs/claimants,

and that, consequently, Antares is entitled to contribution and/or indemnity from the Cape Bruny Counterclaim Defendants.

## CROSSCLAIMS

12. Crossclaim Defendant Inpecos A.G. ("Inpecos") is a Swiss limited company domiciled in Stenhausen, Switzerland. Inpecos is owned by the GTRIMG Foundation and, on information and belief, is controlled by Gad Zeevi. Inpecos entered into agreements with CAPECO obligating Inpecos to transport petroleum products and provide other services to CAPECO, including lending funds to CAPECO. Inpecos' assets have been intermingled with, or Inpecos has improperly obtained the assets of CAPECO and CPR, making Inpecos liable for the debts and liabilities of CAPECO and CPR, including any damages suffered by the plaintiffs/claimants that have been tendered to Antares. Consequently, Antares is entitled to contribution and/or indemnity from Inpecos.

13. Crossclaim Defendant First Oil International ("FOI") is a corporation organized under the laws of the British Virgin Islands for the special purpose of acquiring CAPECO and CPR. FOI is an owner of CAPECO and CPR. FOI is doing business in this district through CAPECO and CPR at their places of business. FOI is owned by Gad Zeevi and/or the GTRIMG Foundation and is controlled by Gad Zeevi. FOI does not maintain corporate records and does not follow corporate formalities. FOI's only reported address is c/o Services Resources (UK) Ltd., which is located in a four-apartment London, England townhouse owned by Ram Zeevi. FOI is used by Gad Zeevi to exercise control over and to use CAPECO and CPR for his own benefit and for the benefit of other entities he controls, without adherence to normal corporate formalities, reasonable internal controls, or due consideration of the financial

well-being of CAPECO and/or CPR. As a result, FOI is liable for the debts and liabilities of CAPECO and CPR, including any damages suffered by the plaintiffs/claimants that have been tendered to Antares. Consequently, Antares is entitled to contribution and/or indemnity from FOI.

14. Crossclaim Defendant Gad Zeevi is a person of the age of majority who has residence and/or domicile within the Commonwealth of Puerto Rico and who at all material times was the chief executive, manager, and/or person in direct control of the operations of the CAPECO facility located in Bayamón, Puerto Rico. Gad Zeevi was the alter ego of the various CAPECO/CPR related firms and entities and, as such, is vicariously liable for the negligence and fault of CAPECO and CPR with respect to the CAPECO facility. In addition, as the chief executive, manager, supervisor, and overseer of the policies, operations, and day-to-day workings of the CAPECO facility, he is also directly and personally negligent, responsible, and liable for any damages suffered by the plaintiffs/claimants as a result of the sub-standard condition and operational deficiencies of the CAPECO facility on October 23, 2009. Consequently, Antares is entitled to contribution and/or indemnity from Gad Zeevi.

15. Crossclaim Defendant The GTRIMG Foundation ("GTRIMG") is a Liechtenstein Trust established in the early 1980s, the beneficiaries of which are Gad Zeevi's wife and children. GTRIMG and the companies owned by it are controlled by Gad Zeevi. GTRIMG has been used by Gad Zeevi to control the activities of CAPECO and CPR without regard to their corporate formalities. As a result, GTRIMG is liable for the debts and liabilities of CAPECO and CPR, including any damages suffered by the plaintiffs/claimants that have been tendered to Antares. Consequently, Antares is entitled to contribution and/or indemnity from GTRIMG.

16. Crossclaim Defendant Ram Zeevi is a person of the age of majority who has residence and/or domicile within the Commonwealth of Puerto Rico and who at all material times was the chief executive, manager, and/or person in direct control of the operations of the CAPECO facility located in Bayamón, Puerto Rico. Ram Zeevi was the alter ego of the various CAPECO/CPR related firms and entities and, as such, is vicariously liable for the negligence and fault of CAPECO and CPR with respect to the CAPECO facility. In addition, as the chief executive, manager, supervisor, and overseer of the policies, operations, and day-to-day workings of the CAPECO facility, he is also directly and personally negligent, responsible, and liable for any damages suffered by the plaintiffs/claimants as a result of the sub-standard condition and operational deficiencies of the CAPECO facility on October 23, 2009. Consequently, Antares is entitled to contribution and/or indemnity from Ram Zeevi.

17. Crossclaim Defendant Harbor Bunkering Corporation ("Harbor Bunkering") is a Puerto Rico corporation, with its principal offices located in Ave. Fernandez Juncos #404, San Juan, Puerto Rico 00901. Harbor Bunkering is a seller of fuel oil and other fuels. Harbor Bunkering owned some of the fuel and other products that were stored, or that were in the process of being stored, at the CAPECO facility, or that were being unloaded from the M/T CAPE BRUNY on October 23, 2009. As stated earlier, Antares believes that the Incident was caused solely by CAPECO or related entities, but in the event Antares is found liable in any amount to any plaintiff or claimant herein, then Antares alleges on information and belief that Harbor Bunkering caused or contributed to the damages allegedly suffered by the plaintiffs/claimants, and that, consequently, Antares is entitled to contribution and/or indemnity from Harbor Bunkering.

18.     Crosscliam Defendant Total Petroleum Puerto Rico Corporation ("Total") is a Puerto Rico corporation with its principal offices located in Reparto Industrial, M Julia, Pueblo Viejo, Guaynabo, Puerto Rico. Total Petroleum is a retail seller of fuels through service stations throughout Puerto Rico. Total Petroleum owned some of the fuel and other products that were stored, or that were in the process of being stored, at the CAPECO facility, or that were being unloaded from the M/T CAPE BRUNY on October 23, 2009. As stated earlier, Antares believes that the Incident was caused solely by CAPECO or related entities, but in the event Antares is found liable in any amount to any plaintiff or claimant herein, then Antares alleges on information and belief that Total caused or contributed to the damages allegedly suffered by the plaintiffs/claimants, and that, consequently, Antares is entitled to contribution and/or indemnity from Total.

19.     Crossclaim Defendant BP Products North America, Inc. ("BP") is a corporation organized under the laws of Maryland. BP is a refiner and marketer of fuels, with operations in many countries throughout the world and in Latin America and the Caribbean, including Puerto Rico. BP owned some of the fuel and other products that were stored or that were in the process of being stored at CAPECO, or that were being unloaded from the M/T CAPE BRUNY on October 23, 2009. As stated earlier, Antares believes that the Incident was caused solely by CAPECO or related entities, but in the event Antares is found liable in any amount to any plaintiff or claimant herein, then Antares alleges on information and belief that BP caused or contributed to the damages allegedly suffered by the plaintiffs/claimants, and that, consequently, Antares is entitled to contribution and/or indemnity from BP.

20. Crossclaim Defendant the Commonwealth of Puerto Rico is a sovereign entity that has voluntarily appeared before this Court in the Limitation Action and therefore waived its sovereign immunity. The Commonwealth of Puerto Rico is liable for the failure and negligence of its agencies and officers in granting operational permits and allowing the CAPECO facility in Bayamón, Puerto Rico to operate and to conduct business with companies and entities in Puerto Rico and outside Puerto Rico. These agencies and officers failed to properly inspect, oversee, supervise, and require compliance, and proper, adequate, and required insurance coverage from the persons and entities who owned, controlled, and operated the CAPECO facility. As stated earlier, Antares believes that the Incident was caused solely by CAPECO or related entities, but in the event Antares is found liable in any amount to any plaintiff or claimant herein, then Antares alleges on information and belief that the Commonwealth of Puerto Rico caused or contributed to the damages allegedly suffered by the plaintiffs/claimants, and that, consequently, Antares is entitled to contribution and/or indemnity from the Commonwealth of Puerto Rico.

21. Crossclaim defendant Intertek is incorporated in Louisiana and its "entity address" is 2 Riverway, Houston, Texas, 77056. Intertek was present at certain times at the fuel storage facility of Capeco in Bayamón, Puerto Rico on October 22 & 23, 2009, when fuel cargo was being discharged by MV CAPE BRUNY. Intertek had been nominated to measure and report on the quantity and quality of unleaded gasoline discharged by MV CAPE BRUNY. As stated earlier, Antares believes that the Incident was caused solely by CAPECO or related entities, but in the event Antares is found liable in any amount to any plaintiff or claimant herein, then Antares alleges on information and belief that Intertek caused or contributed to the damages

allegedly suffered by the plaintiffs/claimants, and that, consequently, Antares is entitled to contribution and/or indemnity from Intertek.

22. Crossclaim Defendant Astra Oil Company LLC ("Astra Oil") is a Delaware limited liability company with offices at 301 Main Street, Huntington Beach, California. Astra Oil acted for and on behalf of AOT Limited in connection with certain transactions involving the unleaded gasoline carried aboard the M/T CAPE BRUNY (AOT Limited was at certain times the owner of that cargo). As stated earlier, Antares believes that the Incident was caused solely by CAPECO or related entities, but in the event Antares is found liable in any amount to any plaintiff or claimant herein, then Antares alleges on information and belief that Astra Oil caused or contributed to the damages allegedly suffered by the plaintiffs/claimants, and that, consequently, Antares is entitled to contribution and/or indemnity from Astra Oil.

## **RESERVATION OF RIGHTS**

Antares reserves all rights under the Federal Rules of Civil Procedure and the Scheduling Order of February 21, 2014 to file any Motions to Dismiss, responsive pleadings, answers, Cross-Claims, and/or Third-Party Claims or Rule 14(c) Tenders, and respond to any further claim brought against Antares in this limitation action. Antares will file, pursuant to the aforementioned Scheduling Order, any answer or other responsive pleading. Furthermore, Antares reserves its right to file claims for contribution, indemnity and/or "nivelación" from any other party, if and when such claims accrue.

**WHEREFORE**, Antares prays that this answer be deemed good and sufficient, and that after due proceedings, be awarded a judgment against the limitation action Petitioners – and, if necessary, any other Third-Party defendant in the Rule 14(c) Complaint, awarding Antares

indemnity and/or contribution – and for all other legal or equitable relief to which Antares is entitled.

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, on April 28, 2014.

        **O'NEILL & BORGES LLC**
        Salvador J. Antonetti-Stutts
        Ana M. Rodríguez-Rivera
        Laura Y. Femenías-Jové
        Carlos M. Baralt-Suárez
        *Counsel for* Antares Oil Services, LLC
        250 Muñoz Rivera Avenue, Suite 800
        American International Plaza
        San Juan, Puerto Rico 00918-1813
        Tel. (787) 764-8181
        Fax (787) 753-8944

        By: */s/ Salvador J. Antonetti-Stutts*
            USDC-PR No. 215002
            salvador.antonetti@oneillborges.com