UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ELIEZER CRUZ APONTE,** *et al.*<br>    **Plaintiffs**<br><br>        V.<br><br>**CARIBBEAN PETROLEUM CORPORATION,** *et al.*<br>    **Defendants** | CIVIL NO.: 09-2092 (FAB)<br><br>And consolidated cases:<br><br>  09-2095, 09-2096, 09-2118, 09-2148,<br>  09-2215, 10-1030, 10-1207, 10-1337,<br>  10-2030, 10-2035, 10-2036, 10-2040,<br>  10-2059, 10-2063, 10-2070, 10-2088,<br>  10-2097, 10-2105, 10-2202, 10-2214,<br>  11-1206 |
| *In Re*: **CAPE BRUNY TANKSCHIFFARHTS GMBH AND CO. KG AND CAPE BRUNY SHIPPING COMPANY, LTD.** | This pleading pertains to 10-1337 |

### ANSWER OF NAVIGATORS INSURANCE COMPANY
### TO CROSS-CLAIM BY BP PRODUCTS NORTH AMERICA INC.

**TO THE HONORABLE COURT**:

NOW COMES **NAVIGATORS INSURANCE COMPANY ("Navigators")**, and for answer to the Cross-Claim filed by BP Products North America Inc. (Docket 979 in 09-2092), respectfully avers as follows:

### FIRST DEFENSE

The Cross-Claim fails to state a claim against Navigators upon which relief can be granted.

## **SECOND DEFENSE**

In response to the separately numbered paragraphs of Cross-Claim, Navigators avers as follows:

1.

The allegations contained in the Paragraphs 1, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, and 36 of the Cross-Claim pertain to other parties, which require no response; however, to the extent that response is deemed to be required, such allegations are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the allegations made therein.

2.

In response to the allegations contained in Paragraphs 2, 35, and 39 of the Cross-Claim, Navigators admits that explosions and fires involving approximately twenty-one storage tanks occurred on October 23, 2009 at the Gulf Oil Facility, which was owned or operated by Caribbean Petroleum Refining LP, while M/T CAPE BRUNY was unloading its cargo of petroleum products.  Navigators also admits the filing of numerous complaints that have been consolidated under Civil Action No. 09-2092, including the action for limitation of liability filed by or on behalf the Cape Bruny defendants, Civil Action No. 10-1337, Petitioners' Amended Rule 14(c) Third-Party Complaint filed therein, the various claims filed against the Cape Bruny defendants therein, and the instant Cross-Claim.  All other allegations contained in such paragraphs of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the allegations made therein.

3.

The allegations contained in Paragraphs 3, 31 and 37 of the Cross-Claim are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the allegations made therein.

4.

The allegations contained in Paragraphs 4, 5, 6, 7, 8, 9, 10, 32, 33, 34, 38, 40, 41, 43, 44, 45, 47, 48, 50, 51, 52, and 53 of the Cross-Claim state conclusions of law, which require no answer; however, to the extent that response is deemed to be required, they are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the allegations made therein.  In further response to Paragraphs 32, 33, and 34, Navigators does not contest that this Honorable Court has subject matter jurisdiction of this action pursuant to its Admiralty Jurisdiction or that venue in this Honorable Court is proper.

5.

In response to the allegations contained in Paragraphs 42, 46, and 49 of the Cross-Claim, Navigators repeats, reiterates, and realleges all prior responses to numbered and unnumbered paragraphs of the Cross-Claim as if repeated here.

6.

In response to the allegations contained in Paragraph 27 of the Cross-Claim, Navigators admits that it has been named as a Cross-Claim defendant.

7.

The allegations contained in all unnumbered paragraphs, articles, prayers, and preambles of the Cross-Claim not specifically addressed above are denied.

**THIRD DEFENSE**

As a separate and complete defense, Navigators avers that Cross-Claimant's injuries or damages or liability, if any, were not caused by any actions or omissions on the part of Navigators, its employees, agents, insureds, assureds, parent companies, subsidiary companies, affiliated companies, or other persons or entities for whom it is responsible, but were caused by the negligence, strict liability or other fault of Cross-Claimant.

**FOURTH DEFENSE**

As a separate and complete defense, Navigators avers that Cross-Claimant's injuries or damages or liability, if any, were not caused by any actions or omissions on the part of Navigators, its employees, agents, insureds, assureds, parent companies, subsidiary companies, affiliated companies, or other persons or entities for whom it is responsible, but if Cross-Claimant was injured or damaged as a result of any negligence, strict liability, or other fault other than that of Cross-Claimant, then such negligence, strict liability, or other fault is attributable to third parties for whom Navigators is not responsible, including various codefendants named in the Third-Party Complaint of the Cape Bruny defendants and the defendants named in all consolidated actions.

## FIFTH DEFENSE

As a separate and complete defense, Navigators avers that any liability or obligation that it or its parent, subsidiary or affiliated companies might have had arising out of the loss at issue in this lawsuit has been satisfied and discharged by the payment of the full policy limit of $5,000,000.00 (minus a deductible of $250,000.00), as per the terms of Navigators Insurance Company Policy No. 09L0739/01,[1] to Caribbean Petroleum Corporation, on its Cross-Claim for liability or indemnity against pollution removal and/or cleanup costs incurred in connection with the October 23, 2009 explosions and fires, which Cross-Claim was supported by documentation from certain entities, including the United States Coast Guard, the National Response Corporation, the Environmental Protection Agency, and the National Pollution Funds Center, which amounts totaled at least $9,540,689.43 up to the date of payment.

## SIXTH DEFENSE

Pursuant to the terms and conditions of Navigators Insurance Company Policy No. 09L0739/01, punitive damages are expressly excluded from coverage, pursuant to the following provisions:

THIS INSURANCE DOES NOT APPLY:

3. To any fine or penalty of any kind or nature whatsoever, or any punitive damages, exemplary damages or any additional damages resulting from the multiplication of compensatory damages.

* * * *

---

[1] A copy of Navigators Insurance Company Policy No. 09L0739/01 is attached as Exhibit 1 to the Answer of Navigators Insurance Company (Docket 939) to the Third-Party Complaint of Cape Bruny Tankschiffarhts GmbH and Cape Bruny Shipping Company, Ltd. and is incorporated herein by reference.

It is hereby understood and agreed that effective from inception, the following exclusion shall apply to all sections under this Policy of insurance.

Fines, penalties, assessments, or any type of punitive, exemplary or treble damages and/or any damages resulting from the multiplication of compensatory damages.

### SEVENTH DEFENSE

As a separate defense, the Cross-Claimant has failed to mitigate its damages as required by law and are thereby precluded from making any Cross-Claims for damages in excess of those which could have been prevented in the exercise of ordinary care and prudence in mitigating one's losses.

### EIGHTH DEFENSE

As a separate defense, Cross-Claimant's claims for punitive damage, if any, are barred, in whole or in part, by the United States Constitution including, but not limited to, the Supremacy Clause, Due Process Clause, Contract Clause, the Takings Clause, the Fourth Amendment, the Fifth Amendment, the Sixth Amendment and the Eighth Amendment.

### NINTH DEFENSE

As a separate defense, Navigators avers that the award of punitive damages against Navigators in this action, or any entity it insured, would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court and other courts, including *BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Ind. Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm*

*Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003), on the following grounds:

A. It is a violation of Defendant's right to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

B. It is a violation of due process to subject Defendant to punitive damages without providing Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

C. It is a violation of Defendant's right to due process to impose punitive damages which are grossly excessive.

## TENTH DEFENSE

Navigators reserves the right to supplement and/or amend its Answer and Defenses as discovery progresses.

**WHEREFORE,** Cross-Claim Defendant, Navigators Insurance Company, prays that this Answer be deemed good and sufficient and that, after due proceedings had, there be judgment in its favor and against Cross-Claimant, BP Products North America Inc., dismissing with prejudice its Cross-Claim, as it may be amended, at Cross-Claimant's cost, and for all additional relief as this Honorable Court may deem just in the premises and be competent to grant.

At San Juan, Puerto Rico, this 5th of May, 2014.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

Respectfully submitted,
**S/*FRANCISCO J. COLON-PAGAN***
FRANCISCO J. COLON-PAGAN
BAR NO.: 120503
**COLÓN & COLÓN, P.S.C.**
*Attorneys for "Navigators Insurance Company"*
Street:   173 O'Neill Street
          San Juan, PR 00918-2404
Mailing: PO Box 9023355
          San Juan, PR 00902-3355
Tel.: (787) 758-6060 ext. 236
Fax: (787) 753-1656
Email: *fjcolon@colonlaw.com*