## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ELIEZER CRUZ-APONTE, *et al.*,

    **Plaintiffs,**

               **v.**                    **Civil No.** 09-2092 (FAB)

CARIBBEAN PETROLEUM CORPORATION,
*et al.*,

    **Defendants.**

### MEMORANDUM AND ORDER

BESOSA, District Judge.

    Before the Court is attorney Dora Monserrate-Peñagarícano's motion for sanctions against attorney Camilo Salas for an improper and personally offensive comment that Mr. Salas made to Ms. Monserrate during a deposition. (Docket No. 1283.) Mr. Salas responded to Ms. Monserrate's motion, acknowledging that he made the comment and that it was improper, but imploring that sanctions are not warranted because he did not intend to harm or embarrass Ms. Monserrate. (Docket No. 1302.) After carefully considering the attorneys' arguments and listening to an audio recording of the deposition, the Court finds that Mr. Salas committed professional misconduct and that sanctions are warranted.

### I.  BACKGROUND

    Ms. Monserrate is counsel for co-defendant Intertek USA, Inc. ("Intertek") and Mr. Salas is *pro hac vice* counsel for plaintiffs in this class action litigation. On March 19, 2015, Mr. Salas deposed former Intertek employee Orlando A. Díaz-Díaz, who Ms.

Monserrate represented for purposes of the deposition.  See Docket No. 1286-1 at pp. 6, 19.  Present at the deposition were sixteen attorneys: Mr. Salas was one of twelve male attorneys, and Ms. Monserrate was one of four female attorneys.  Id. at pp. 8-10.

About halfway through the day-long deposition, Mr. Salas asked the deponent a question that required him to make some calculations.  While the deponent was doing so, the following exchange took place between Mr. Salas and Ms. Monserrate:

> MR. NEVARES:  The air conditioner works.
>
> MS. MONSERRATE:  I don't know, but it's hot in here.
>
> MR. SALAS: *¿Tienes calor todavía?*[1]  You're not getting menopause, I hope.
>
> MS. MONSERRATE:  That's on the record.
>
> MR. SALAS: No, no, no, no.
>
> MS. MONSERRATE:  You know that a lawyer here got in big trouble for a comment just like that.
>
> MR. SALAS: Really.

(Docket No. 1283-1 at p. 121.)[2]  The deponent then answered the question, and the deposition continued.

---

[1] *You're still warm?*

[2] In the official stenographic record, these comments appear as "Discussion off the record."  See Docket No. 1286-1 at p. 146.  The stenographer kept a backup audio recording of the deposition, which she later used to transcribe this conversation.  See Docket No. 1302-1.  The audio recording was provided to the Court.  After listening to the recording, the Court added the phrase "*Tienes calor todavía?*," which was omitted from the stenographer's transcript.

At the end of the deposition, after the deponent left the
room, Intertek attorney Juan Skirrow made the following statement:

> The note for the record I'd like to make is that I asked
> the court reporter to preserve the audio that was
> recorded today.  The court reporter agreed that she would
> review the audio and transcribe a relevant portion of the
> audio related to a comment that I heard Mr. Salas make to
> my co-counsel, Dora Monserrate, during the deposition
> today.  That comment, in substance, was in response to
> Ms. Monserrate's statement that the room was very hot.
> Mr. Salas responded that maybe that was because she was
> going through menopause.

(Docket No. 1286-1 at pp. 227-28.)

Mr. Salas responded to Mr. Skirrow's comment by stating the
following, again on the record:

> Let the record reflect that a comment of that nature was,
> in fact, made by me.  It was not made with any bad
> intent.  As soon as we took a break and I saw that
> counsel had been hurt or took the comment improperly, I
> tried to apologize to her.  She told me that she didn't
> want to talk to me.  So that's what happened.  And let me
> state for the record that it was an improper comment.  I
> didn't mean to harm her in any way.  I've tried to
> apologize to her.  I do apologize to her right now, and
> that's all I can do.

Id. at pp. 228-29.

## II.  DISCUSSION

Ms. Monserrate contends that Mr. Salas's comment, "You're not
getting menopause, I hope," was disparaging and discriminatory, and
that it "humiliated, embarrassed, and demeaned" her.  (Docket No.
1283 at pp. 3-4.)  She urges the Court to sanction Mr. Salas by
revoking his *pro hac vice* admission.  Id. at pp. 9-10.

"In order to maintain the effective administration of justice and the integrity of the Court," Local Rule 83E(a) requires that attorneys practicing before the Court[3] comply with the Model Rules of Professional Conduct ("Model Rules"), adopted by the American Bar Association ("ABA").   Loc. R. 83E(a).   Misconduct by an attorney in any matter pending before the Court "may be dealt with directly by the judge in charge of the matter."   Loc. R. 83E(d). An order imposing discipline may include suspension, public or private reprimand, monetary penalties, continuing legal education, counseling, or "any other condition [that] the Court deems appropriate."   Loc. R. 83E(c).

The Model Rules instruct attorneys to "demonstrate respect for the legal system and for those who serve it, including . . . other lawyers" and to "maintain[] a professional, courteous and civil attitude toward all persons involved in the legal system."   Model Rules of Prof'l Conduct pmbl. ¶¶ 5, 9.   Model Rule 4.4 provides that an attorney "shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person." Id. r. 4.4(a).   Model Rule 8.4(d) provides that it is professional misconduct for an attorney to "engage in conduct that is prejudicial to the administration of justice."   Id. r. 8.4(d).

---

[3] Attorneys admitted *pro hac vice* for a particular proceeding are deemed to have conferred disciplinary jurisdiction upon the Court for any alleged misconduct arising in the course of or in preparation for that proceeding.   Loc. R. 83A(g).

The Court first discusses whether Mr. Salas's comment "You're not getting menopause, I hope," violated Model Rule 4.4.  Menopause is "the period in a woman's life when [permanent cessation of menstruation] occurs, usually between the ages of 40 and 50." Oxford English Dictionary (3d ed. 2001), available at http://www.oed.com/view/Entry/116476.  Menopause is often a personal and private subject for a woman, especially because it implicates issues relating to a woman's age, fertility, psychological state, sexuality, and physical condition.

Mr. Salas insists that he made the comment "out of concern about Ms. Monserrate's medical condition."  (Docket No. 1302 at p. 22.)  He explains that future depositions were scheduled to take place in the same room and that he knows "that a hot room is a trigger for hot flashes in women who are going through menopause." Id. at pp. 22-23.

The Court unequivocally rejects Mr. Salas's post hoc explanation.  If Mr. Salas was genuinely concerned that Ms. Monserrate had a "medical condition" triggered by the room's temperature, then he would have asked Ms. Monserrate in a more private setting and in a more respectful way whether there was anything he could do to alleviate her symptoms.  Mr. Salas instead chose to tell Ms. Monserrate in the presence of fourteen other attorneys, eleven of whom were male, that he hopes that she is not menopausal.

The public nature of Mr. Salas's comment combined with the personal and private nature of menopause leads the Court to conclude that the comment was made to embarrass Ms. Monserrate and was not intended to serve any other purpose.  This is a clear violation of Model Rule 4.4.

The impropriety of Ms. Salas's remark is aggravated by the remark's discriminatory nature.  Because menopause occurs only in women, and predominantly in middle-aged women, see Oxford English Dictionary (3d ed. 2001), available at http://www.oed.com/view/Entry/116476, a comment suggesting that a woman may be menopausal singles her out on the basis of gender and age.

Discriminatory comments like this undoubtedly occur on a daily basis in the legal profession and are routinely swept under the rug.  But the concealment does not diminish the effect.  An ABA report published this year, for example, identified "inappropriate or stereotypical comments" directed at female attorneys by opposing counsel as one of the causes of the marked underrepresentation of women in lead trial attorney roles.[4]  Discriminatory conduct on the part of an attorney is "palpably adverse to the goals of justice and the legal profession."  Principe v. Assay Partners, 586 N.Y.S.2d 182, 185 (Sup. Ct. 1992).  When an attorney engages in

---

[4] Stephanie A. Scharf & Roberta D. Liebenberg, First Chairs at Trial: More Women Need Seats at the Table 14-15 (2015), available at http://www.americanbar.org/content/dam/aba/marketing/women/first_chairs2015.authcheckdam.pdf.

discriminatory behavior, it reflects not only on the attorney's lack of professionalism, but also tarnishes the image of the entire legal profession and disgraces our system of justice.

Ms. Monserrate chose to expose to light Mr. Salas's discriminatory behavior. Her request for sanctions is "not a display of an inability to overlook obnoxious conduct, but an indication of a commitment to basic concepts of justice and respect for the mores of the profession of law." See id. at 186. She has turned to the Court "to give force to a basic professional tenet." Id.

Having determined that Mr. Salas committed professional misconduct in a proceeding pending before the Court, the Court now discusses whether sanctions are warranted, and if so, whether revocation of Mr. Salas's *pro hac vice* admission, as requested by Ms. Monserrate, is appropriate.

The Court first considers whether Mr. Salas's comment was an isolated incident or part of repeated disrespectful and discriminatory behavior. Ms. Monserrate asserts in her motion that Mr. Salas harassed the deponent, mocked the deponent's answers, and demonstrated a hostile attitude towards Ms. Monserrate during the deposition. (Docket No. 1283 at pp. 2-3.) The Court listened to the audio recording of the deposition - paying close attention to the instances mentioned by Ms. Monserrate in her motion - and did not observe the behavior that Ms. Monserrate describes. Mr. Salas

was always courteous with the deponent.  Although Mr. Salas and Ms. Monserrate briefly argued on a few occasions during the deposition, each raising their voices to make a point, neither displayed a hostile attitude or tone.  Thus, Mr. Salas did not exhibit repeated disrespectful conduct.

The fact that Mr. Salas's improper comment was an isolated incident mitigates his misconduct.  In other cases, including those cited in Ms. Monserrate's motion, where male attorneys were sanctioned for discriminatory comments made to female attorneys, the courts found repeated misconduct that cumulatively warranted sanctions.  See Mullaney v. Aude, 126 Md. App. 639, 644-45, 659 (1999) (affirming protective order and attorney's fees sanction where male attorney made sexist remark to female deponent, addressed female attorney as "babe," and said calling her "babe" was better than calling her a "bimbo" during deposition); In re Valcarcel Mulero I, 142 P.R. Dec. 41 (1996) (suspending male attorney from practice for period of three months for referring to female attorney as a "crazy chicken" and "girl," repeatedly raising his voice, and constantly interrupting the judge during a court hearing); Principe, 586 N.Y.S.2d at 184-88, 191 (sanctioning male attorney in the form of attorney's fees for calling female attorney "little lady," "little mouse," and "little girl" repeatedly during deposition); cf. Laddcap Value Partners, LP v. Lowenstein Sandler P.C., No. 600973-2007, 2007 WL 4901555, at *2-7 (N.Y. Sup. Ct. Dec.

5, 2007) (ordering referee supervision of future depositions after male attorney addressed female attorney as "dear," "hon," and a "sorry girl," said she had a "cute little thing going on," and asked why she was not wearing her wedding ring during deposition).

Further mitigating the misconduct are Mr. Salas's immediate and subsequent apologies.  Mr. Salas attempted to apologize to Ms. Monserrate during a break in the deposition.  (Docket No. 1283 at p. 4.)  At the conclusion of the deposition, Mr. Salas apologized to Ms. Monserrate on the record and acknowledged that his comment was improper.  (Docket No. 1283-1 at pp. 228-29.)  He also apologized to the Court when he responded to Ms. Monserrate's motion.  (Docket No. 1302 at p. 2.)

Given these mitigating circumstances, the Court finds that the harsh sanction of revocation of Mr. Salas's *pro hac vice* admission is not warranted.  Nonetheless, Mr. Salas's comment intended to humiliate Ms. Monserrate on the basis of her age and gender.  This conduct is adverse to the goals of justice and cannot be permitted to find a safe haven in the practice of law.  The Court therefore finds that the following sanctions are warranted.  First, to ensure that he bears some of the burden of the costs of bringing his discriminatory conduct to light, Mr. Salas should pay Ms. Monserrate reasonable attorney's fees for bringing the motion. Second, Mr. Salas should complete a continuing legal education course on attorney professionalism and professional conduct.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Ms. Monserrate's motion for sanctions (Docket No. 1283). The Court rejects Ms. Monserrate's request for revocation of Mr. Salas's *pro hac vice* admission, but finds that sanctions against Mr. Salas are warranted.

The Court **ORDERS** Mr. Salas to pay Ms. Monserrate $1,000 as reasonable attorney's fees, based upon the Court's observation and experience, for bringing the motion.  If Mr. Salas objects to the amount fixed for attorney's fees, he may file a motion on or before **August 31, 2015**.  The Court further **ORDERS** Mr. Salas to complete a continuing legal education course on attorney professionalism and professional conduct on or before **February 1, 2016**.  Mr. Salas shall inform the Court when he has complied with this Order.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, August 17, 2015.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE