## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **ELIEZER CRUZ APONTE**, *et al.*<br>**Plaintiffs**<br><br>**V.**<br><br>**CARIBBEAN PETROLEUM CORPORATION**, *et al.*<br>**Defendants** | **CIVIL NO.: 09-2092 (FAB)**<br><br>And consolidated cases:<br><br>09-2095, 09-2096, 09-2118,<br>09-2148, 09-2215, 10-1030,<br>10-1207, 10-1337, 10-2030,<br>10-2035, 10-2036<br><br>**This pleading pertains to 10-1207 and 10-1337.** |

## INFORMATIVE MOTION REGARDING
## JOIN MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE
## <u>PURSUANT TO F.R.C.P. 41(a)(2)</u>

**TO THE HONORABLE COURT:**

**NOW COME**, through undersigned counsel, come The Navigators Group, Inc. and Navigators Insurance Company (collectively "Navigators") and for explanation of the revisions and limitations upon the Joint Motion for Voluntary Dismissal with Prejudice Pursuant to F.R.C.P. 41(a)(2) (Docket no. 1383), respectfully avers as follows:

a) The Navigators Group, Inc. did not issue any policy of insurance providing coverage against liability or indemnity arising out of the loss at issue in this lawsuit.

b) Navigators Insurance Company, a subsidiary of The Navigators Group, Inc., did issue Navigators Insurance Company Policy No. 09L0739/01 ("the Policy") to Caribbean Petroleum Corporation, and despite various coverage defenses, any liability or obligation that Navigators Insurance Company or its, parent,

1

subsidiary, or affiliated companies, might have had arising out of the loss at issue in this lawsuit was been satisfied and discharged by the payment of the full policy limit of $5,000,000.00 (minus a deductible of $250,000.00), as per the terms of the Policy, to Caribbean Petroleum Corporation, on its claim for liability or indemnity against pollution removal and/or cleanup costs incurred in connection with the October 23, 2009 explosions and fires, which claim by Caribbean Petroleum Corporation was supported by documentation from certain governmental entities, including the United States Coast Guard, the National Response Corporation, the Environmental Protection Agency, and the National Pollution Funds Center, which amounts totaled at least $9,540,689.43 up to the date of payment by Navigators Insurance Company.  A copy of the Policy was attached as an exhibit to each of the answers filed on behalf of The Navigators Group, Inc. and Navigators Insurance Company. (*E.g.* Docket no. 934, 934-1).

c)   After several months of discussions regarding Navigators' request for voluntary dismissal, John Nevares agreed that all of the parties he represents would voluntarily dismiss their claims against Navigators, with prejudice. That agreement ultimately led to the judgments of dismissal entered as Docket no. 1299 and 1310 in early April 2015.[1]

---

[1]   Through Dkt. 1299 (unless otherwise noted, all Dkt. numbers provided herein refer to the consolidated lead case record in 09-2092), all claims against The Navigators Group, Inc. and Navigators Insurance Company (collectively "Navigators") in all following listed member cases were dismissed with prejudice by the Plaintiffs in **09-2092** (Claim asserted in Dkt. 81, Judgment at Dkt. 1299), **09-2095** (Claim asserted in Dkt. 529-1, Judgment at Dkt. 21 in member case), **09-2096** (Claim asserted in Dkt. 530-1, Judgment at Dkt. 19 in member case), **09-2118** (Claim asserted in Dkt. 917, Judgment at Dkt. 22 in member case), **09-2215** (Claim asserted in Dkt. 531-1, Judgment at Dkt. 19 in member case), **10-1030** (Claim asserted in Dkt. 532-1, Judgment at Dkt. 23 in member case), **10-2030** (Claim asserted in Dkt. 1 in member case, Judgment at Dkt. 21

d)    Undersigned counsel then contacted counsel for all other remaining parties and inquired whether those parties also would consent to the voluntary dismissal of all claims against Navigators. The responses to that request generally were favorable, such that Navigators prepared the draft Joint Motion for Voluntary Dismissal with Prejudice Pursuant to F.R.C.P. 41(a)(2), the form of which now has been filed as Docket no. 1383.  As counsel for the various parties confirmed their consent to the filing of that motion, counsel for Navigators added to their respective electronic signatures to the document.

e)    Earlier this month, it became apparent that Navigators would not be able to obtain the consent of all parties to file the proposed motion. Through his email of August 12, 2015, counsel for Total Petroleum Puerto Rico Corp. ("TPPRC") advised that his client will consent to dismiss its cross-claim against Navigators after judgment has been entered by the Court dismissing with prejudice the claims against Navigators by Cape Bruny Tankschiffarhts GmbH and Co. KG and Cape Bruny Shipping Company Ltd., as owners, managing owners, owners pro hac vice, and/or operators of the M/T CAPE BRUNY, her engines, gear, tackle, appurtenances, etc. (collectively "Cape Bruny"). Cape Bruny has agreed to dismiss its Third Party Claim against navigators (Docket no. 910), but the

---

in member case), **10-2036** (Claim asserted in Dkt. 1 in member case, Judgment at Dkt. 38 in member case), **10-1337** (Claims asserted in Dkt. 391, 397, and 915 against Plaintiffs and Petitioners in the Limitation of Liability case, (10-1337) Cape Bruny Tankschiffarhts GmbH and Co. KG and Cape Bruny Shipping Company Ltd., as owners, managing owners, owners pro hac vice, and/or operators of the M/T CAPE BRUNY, her engines, gear, tackle, appurtenances, etc. (collectively "Cape Bruny Defendants"), and Navigators was tendered to claimants in Dkt. 910, Judgment at Dkt. 1299).  Through Dkt. 1310, all claims of RLI Insurance Company in 09-2092 all claims against Navigators were dismissed (Claim asserted in Dkt.828).

requirement by TPPRC of a judgment of dismissal before it will consent to dismissal of its cross-claim creates a logistical impasse that will prevent the original effort to obtain dismissal of Navigators in one final step.

f)   Additionally, two other parties, BP Products North America, Inc. and Antares Oil Services, LLC, have not provided any definitive response as to whether they will consent to voluntarily dismiss the claims against Navigators, and they have quick responding to follow-up inquiries.

g)   Accordingly and rather than taking the additional months to revise and circulate the current form of the Joint Motion for Voluntary Dismissal with Prejudice Pursuant to F.R.C.P. 41(a)(2) already approved by most parties, Navigators has maintained the original form of the motion and struck-out all text pertaining to Total Petroleum Puerto Rico Corp., BP Products North America, Inc., and Antares Oil Services, LLC, including their respective signature blocks. If the Court enters judgment dismissing the claims of the remaining parties to the motion, Total Petroleum Puerto Rico Corp. then will be in a position to consent to dismissal of its claims through a similar motion. Further, if BP Products North America, Inc. and Antares Oil Services, LLC persist in their refusal to consent to voluntary dismissal of their claims against Navigators, then Navigators will have done all it possibly could do to amicably resolve the claims against it, and Navigators then can proceed with a contradictory motion for summary judgment.

**WHEREFORE**, Navigators prays that this Court take notice of the foregoing information and grant the dismissal, with prejudice, of the claims by all parties signatory to the Joint Motion for Voluntary Dismissal with Prejudice Pursuant to F.R.C.P. 41(a)(2).

At San Juan, Puerto Rico, this 20th of August, 2015.

Respectfully submitted,

> **s/Francisco J. Colón-Pagán**
> FRANCISCO J. COLON-PAGAN
> BAR NO.: 120503
> **COLÓN & COLÓN, P.S.C.**
> Street:173 O'Neill Street
> San Juan, PR 00918-2404
> Mailing: PO Box 9023355
> San Juan, PR 00902-3355
> Tel.: (787) 758-6060 ext. 236
> Fax: (787) 753-1656
> Email: fjcolon@colonlaw.com
> **Attorneys for The Navigators Group, Inc.**
> **and Navigators Insurance Company**

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

> s/Francisco J. Colón-Pagán